FOGLE v. ST. MICHAEL CHURCH.

1. EQUITY—WILL—CONTRACT.—The Court of Equity will take cogniz-
ance of an agreement by which a party contracts to dispose of his
property by will, and enforce the same.

2. PARTIES—WILL—EXECUTOR—HEIR AT LAW.—In an action to en-
force a contract to dispose of property by will, when it is alleged that
the executor has turned over the entire estate to the devisee, neither
the executor nor the heir at law are necessary parties.

Before BENET, J., Charleston, June, 1896.    Reversed.

Action by Martha J. Fogle against the Protestant Epis-
copal Church of the Parish of St. Michael, on the following
complaint:

I. That the defendant above named is, and at the times
hereinafter mentioned was, a corporation created by and
under the laws of the State aforesaid.

II. That heretofore, to wit: on the 15th day of February,
1887, and at sundry other times, the late Eusebia M. Green-
land, of the city of Charleston, in the State aforesaid, made
overtures to the plaintiff above named, and endeavored to
induce the said plaintiff to break up her home, and take up
her abode at the residence of the said Eusebia M. Green-
land, in order that she, the said Eusebia M. Greenland,
might have the enjoyment of the companionship and society
of the said plaintiff; and as an inducement and consider-
ation for the consent of this plaintiff to the above stated
arrangement, the said Eusebia M. Greenland promised this
plaintiff to bequeath and devise unto her, the said plaintiff,
absolutely a one-half portion of all her estate, real and per-
sonal.

III. That, relying upon the said promise, this plaintiff
was finally prevailed upon to enter into the above stated
arrangement and agreed thereto, and, acting upon the said
promise and inducement of the said Eusebia M. Greenland,
this plaintiff, shortly after the date above mentioned, broke
up her home, and removed to, and took up her abode in

the residence of the said Eusebia M. Greenland, on Meeting street, in the said city of Charleston, and there remained until the death of the said Eusebia M. Greenland, as her companion, and in all other respects faithfully fulfilled her part of the said arrangement and agreement.

IV. This plaintiff further alleges that the said Eusebia M. Greenland departed this life on or about the 25th day of October, 1890, leaving in force her last will and testament, wherein she failed to comply with her part of the said agreement, and wherein she bequeathed and devised the whole of her said estate, real and personal, absolutely unto the defendant herein, "The Protestant Episcopal Church of the Parish of St. Michael, in Charleston, in the State of South Carolina," and appointed Alexander W. Marshall, of the city of Charlston aforesaid, as the executor thereof.

V. That the said last will and testament were duly admitted to probate, in the Court of Probate for Charleston County aforesaid, on the 29th day of October, 1890, and on the same day the said Alexander W. Marshall duly qualified as executor thereof.

VI. This plaintiff further alleges that the said Eusebia M. Greenland wholly failed to fulfill and perform her said promise and agreement hereinabove set forth, and that since her death her executor, the said Alexander W. Marshall, has failed to transfer or convey to this plaintiff any part of the said estate of said Eusebia M. Greenland, but, on the contrary, has surrendered and delivered the whole of the said estate to "The Protestant Episcopal Church of the Parish of St. Michael, in Charleston, in the State of South Carolina," the defendant herein, on the ground that the said defendant was entitled thereto as the legatee and devisee under the said will.

VII. That the said defendant is now in the exclusive possession and enjoyment of the whole of the said estate of the said Eusebia M. Greenland, and although thereunto requested, has refused, and still refuses, to transfer and convey

to this plaintiff that portion thereof to which this plaintiff is entitled, or any part of the said estate whatsoever.

Wherefore this plaintiff prays judgment: 1. That it be decreed that the said Eusebia M. Greenland was bound to leave by her last will and testament to the plaintiff above named, absolutely, the one-half part of her entire estate, real and personal. 2. That the said defendant may be required to pay over, transfer, and convey to this plaintiff, absolutely, the one-half part of all the property, real and personal, of the said Eusebia M. Greenland, which has come into its hands or been delivered to it under the will of the said Eusebia M. Greenland, together with the income which has accrued thereon. 3. That the said defendant do account, before one of the masters of this Court, for all moneys, rents, and profits of the said estate, which have come into its hands under the said will, and that it be required to file with the said master a schedule of all the property, real and personal, which came into its hands as aforesaid. 4. That this plaintiff may have such other and further relief as she may be entitled to receive.

The Circuit Court dismissed the complaint upon demurrer. The defendant gave notice that it would move to sustain the Circuit decree on the following grounds, because his Honor erred in holding:

1. That the Circuit Court had jurisdiction to enforce an agreement against the devisee of one binding himself to dispose of his property in a particular way by last will and testament. 2. That an action against a devisee will lie, although the effect be to recover only personalty which has been the subject of a legacy. 3. That it is not necessary in such a proceeding to allege that the devise was made in fraud of the creditors. 4. That it is not necessary to allege that the plaintiff thereby lost her debt. 5. That it is not necessary to allege that the action is brought upon a bond or specialty. 6. That it is not necessary to allege that the executor is insolvent. 7. Because his Honor should have

dismissed the complaint on the grounds taken in the oral demurrer, to wit: that the Court of Equity was without jurisdiction, and that facts sufficient were not alleged to constitute a cause of action.

The plaintiff appeals on the following exceptions: First. The presiding Judge erred in dismissing the complaint herein because of the non-joinder of the executor of the last will and testament of Eusebia M. Greenland, deceased, as a party to the proceedings. Second. The presiding Judge erred in dismissing the complaint because of the non-joinder of the heir at law of the said Eusebia M. Greenland, deceased, as a party to the proceedings. Third. The presiding Judge erred in dismissing the complaint herein because of the non-joinder of the said executor and of the non-joiner of the said heir at law as parties to the proceedings. Fourth. The presiding Judge, in dismissing the said complaint, failed to grant leave to the plaintiff to amend the summons and complaint herein, by making the said executor and the said heir at law parties defendants.

*Messrs. Ficken, Hughes & Ficken*, for appellant, cite: *Is the executor a necessary party?* Code, 139; 2 Strob. Eq., 271; 1 Ham., 484; 3 Russ. Eng. Chan., 273; 7 Simons, 18; 3 Cranch, 220; 2 Hill's Ch., 260; 1 McCord's Ch., 318; 2 Hill's L., 523; 2 Strob. L., 194; 11 S. C., 584. *Leave to amend should have been granted:* 6 Conn., 422; Code, 143; 4 DeS., 343, 65; Bail. Eq., 310; 10 S. C., 101; 18 S. C., 315; 26 S. C., 556.

*Mr. W. St. Julien Jervey*, contra, cites: *Executor proper party:* 1 McC. Ch., 318. *Equity has no jurisdiction:* 32 S. C., 213; 14 Rich. Eq. 154; 32 S. C., 533; 41 S. C., 349. *Action against devisee:* Rev. Stat., 2080; 7 East., 128; 3 Pr. Williams, 333; 2 Hill Ch., 257–262.

Dec. 21, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal in this case is from an order of his Honor, Judge Benet, sustaining a demurrer and

dismissing the complaint, on grounds which, together with the complaint, exceptions, and additional grounds upon which the respondent asks that the order be sustained, will be set out in the report of the case. The exceptions of the appellant and the additional grounds upon which the respondent asks this Court to sustain said order, raise practically but three questions, to wit: 1st. Was there error on the part of the Circuit Judge in refusing to dismiss the complaint on the grounds that the Court, in the exercise of its equitable jurisdiction, did not have cognizance of this action, and that the complaint did not state facts sufficient to constitute a cause of action? 2d. Was there error on the part of the Circuit Judge in ordering that the complaint be dismissed, on the ground that the executor was not joined as a party to the action? And 3d. Was there error on the part of the Circuit Judge in ordering the complaint to be dismissed, on the ground that the heir at law of *Eusebia M. Greenland* was not made a party to the action?

The questions arising herein are controlled by decisions which have been made by the courts of last resort in this State. The case of *McKeegan* v. *O'Neill*, 22 S. C., 454, shows that such an action as is alleged in the complaint is equitable in its nature, and that the Court in the exercise of its equitable powers will enforce specific performance thereof. The case of *Gary* v. *James*, 4 DeS., 185, decides that when the Court adjudges specific performance of a contract like the one alleged in the complaint, the effect of such judgment is to take precedence of the devises and legacies mentioned in the will. This principle is sustained by Beach on Contracts, section 917, in which the author says: "An agreement to make a disposition of property by will, may be enforced by requiring those to whom the property descended or was devised to convey in accordance with the terms of the agreement." In the case of *Colby* v. *Colby*, 81 Hun., 221, the Court says: "There was a legal binding contract alleged in the complaint, made upon a good and sufficient consideration, which the plain-

tiff fully and faithfully performed on her part; the deceased failed to perform on his part; he failed to vest her with the title to the property in question, and in consequence of such failure on the part of the deceased, the title to the house and lot descended to the defendants, who are his heirs at law; the relief to which the plaintiff is entitled is a conveyance from these heirs of the title to the premises in fulfillment of the contract of their ancestor. While an agreement to make a certain disposition of property by a last will is one which, strictly speaking, is not capable of a specific execution, yet it has been held to be within the jurisdiction of a court of equity to do what is equivalent to a specific performance of such an agreement, by requiring those upon whom the legal title has descended to convey the property in accordance with its terms. (3 Pars. on Cont., 405.) And the Court will not allow this *post mortem* remedy to be defeated by any devise inconsistent with this agreement." The reason of this rule is because, under the allegations of the complaint, the plaintiff to whom, by the terms of the contract, the testator agreed to devise and bequeath one-half of his estate, became the *equitable owner* of such portion, and as equity considers that as done which should have been done, the Court will enforce specific performance of the contract by adjudging the legal title to *be in the equitable owner thereof.* A judgment enforcing specific performance of the contract would have relation back to the time when the contract was entered into, and would have priority of rank over the will, which could not have the effect of passing the legal title until the testator's death. The Court enforces specific performance of an agreement by which a party contracts to dispose of his property by will, upon the same principles as when he contracts to convey the title by deed. The right of the parties under such a contract are set forth in I. Pom. Eq. Jur., sections 105 and 368. The Circuit Judge was not in error in refusing to sustain the demurrer on the ground that the Court was without jurisdiction in the excise of its equitable powers.

The additional grounds upon which the respondent gave notice that it would ask this Court to sustain the order of the Circuit Court cannot be sustained.

We next proceed to a consideration of the second question. The allegations of the complaint are to the effect that the executor has delivered to the respondent all the property of the testator, and that the respondent is in the exclusive possession thereof. These allegations show that the executor no longer has any interest in the said estate, and, therefore, not a necessary party. This principle is sustained by the case of *Vernon* v. *Valk*, 2d Hill, 257, in which the Court uses this language: "If this were an action at law then against the heir and devisee, it would be no objection that the executrix was not joined, or that she had assets, or that no remedy had been pursued against her; but the heir or devisee had an equity, if there were assets sufficient to satisfy the debt in the hand of the executor, to be reimbursed out of those assets." When, therefore, it was necessary for the creditor to come into equity, (and suits against the heir or devisee seem to have been more common in equity than in law), it was requisite that the executor should be made a party—not on the principle contended for in this case, that the executor is the only legal representative of the testator, and the only proper person to defend an action which shall affect his estate, but on the familiar equity rule of preventing circuity of action, by making all persons interested parties, so that complete justice may be done at once. Now, the court of equity in all cases delights to do justice, and not by halves, as first to decree the heir to perform this covenant, and then to put the heir upon another bill against the executor to reimburse himself out of the personal assets, which, for aught that appears to the contrary, may be more sufficient to answer the covenant, and where the executor and heir are both brought before the Court, complete justice may be done by decreeing the executor to perform this covenant, so far as the personal assets will extend, the

rest to be made good by the heir out of the real assets. *Knight* v. *Knight*, 3 P. Wms., 333. The question in that case was whether the executor could be made a party. If it was shown by the bill, however, that there were no assets in the hands of the executor, or that he had been called to account and the remedy against him was exhausted, the reason would cease, and it would be unnecessary to make him a party.

If there were an executor or administrator in this State having assets, it would be necessary to make him a party, not on the ground that he is the only legal representative to defend the estate, but on the equity principle mentioned. The bill, however, shows that there is no executor or administrator and no personal assets in the State; of course, no such party could be made. It shows that all the personal assets went into the hands of the executrix, Peggy Africana Ehrich, and her executors are made parties. If there has never been any proceeding whatever against the executrix or her representatives, here are all the parties that could be made. There is no analogy to our decided cases that have been relied on, as in *Trescott* v. *Trescott*, 1 McC., Ch., 417; that before a legacy or distributive share can be pursued by creditors in the hands of the legatee or distributee, the executor must be sued to insolvency. Such creditors never had any direct right of action against the legatee or distributee, and their entire equity as against them is founded on the executor's insolvency." The exceptions raising the second question are sustained.

The next question for consideration is as to the necessity of making the heir at law a party to the action.

The respondent relies upon section 2080, Rev. Stat., to show this necessity. That section is as follows: "Where any persons have, by bonds or other specialties, bound themselves and their heirs, and have afterwards died seized in fee simple of and in lands, tenements and hereditaments, or, having power or authority to dispose of or charge the same by their wills and testaments, have, to the defrauding

of their creditors by their last wills or testaments, devised the same, or disposed thereof in such a manner that such creditors have lost their said debts, every such creditor shall and may have and maintain his action upon his said bonds and specialties against the heirs and heirs at law of such obligor and obligors and such devisee and devisees jointly." This is not an action brought by the plaintiff as a *creditor*, claiming the protection of said section, but to have the legal title adjudged to be in her to that portion of the testator's estate of which the allegations of the complaint show she is now the *equitable owner*. The foregoing section, therefore, has no application. At common law, the heir was not liable for the debts of the ancestor, except by bonds and specialties, wherein there was a stipulation binding the heirs, and then only to the extent of lands descended, but the devisee was not liable even to the extent of lands devised. (*Smith* v. *Grantt*, 15 S. C., 136.)

By the Statute of 3 & 4 W. & M., devisees were declared to be null and void as against creditors by bonds and other specialties wherein the debtor bound himself and his heirs. By this statute the creditor was also able to maintain his action upon such indebtedness against the heirs at law and devisees jointly, so as to prevent a multiplicity of suits. This statute was made of force in this State. 2 Stat., 533. In 1732, the Statute of 5 Geo. II., c. 7, was passed, by which lands were made assets for the payment of debts. By this statute, it is provided that lands shall be liable to, and chargeable with, all just debts, of what nature or kind soever, and shall be assets for the satisfaction thereof, as real estate is liable for bonds or other specialties. The Statute of 3 & 4 W. & M. makes a devisee liable "in the same manner as the heir at law," &c. Section 2053 of the Rev. Stat. is as follows: "The judges of probate of the several counties in this State shall have power, if the personal estate of any intestate, testator or testatrix in the hands of the administrators or executors, or if the assets set apart by last will and testament be insufficient to pay the debts of

the deceased, to pay over to the administrators or executors of such estate the whole, or so much of the proceeds of the sale of the real estate of the deceased sold by them, the said judges, as will pay the outstanding debts of the deceased; and the administrators or executors receiving the same shall be chargeable therewith, as with other assets which have come into their possession in the regular course of administration." Even if the complaint herein could be construed as setting forth a cause of action by the plaintiff as a *creditor*, whether by bond, specialty or *otherwise*, the provisions of this section show that it is not necessary to join both the heir at law and the devisee. The word "or" is used, which indicates that only the person was to be made a party who claimed the lands by descent or devise. It is true, this section provides that proceedings thereunder may be instituted in the Probate Court, but as the Court of Common Pleas would have concurrent jurisdiction in such cases, the provisions of said section are also applicable to the Court of Common Pleas. *Jordan* v. *Moses*, 10 S. C., 431. The exceptions raising the third question are also sustained.

It is the judgment of this Court, that the order of the Circuit Court be reversed.