6571

DAVIS v. REYNOLDS.

1. APPEAL.—Where a trial Judge gives no reasons for refusing a motion to set aside an order of arrest, this Court will only consider grounds urged before him.

2. EXCEPTIONS assigning error generally are too general.

3. ARREST—DAMAGES.—Where a non-resident sells and collects purchase money, giving a receipt therefor, to a citizen of this State, timber on lands within the State, both felled and dead but standing, and after the purchaser has gone upon the lands and prepared a part of the timber for market, he sells the same timber to another, making a formal deed therefor without giving the second purchaser notice of the first sale, he is subject to arrest in this State under sub. 6, section 200, of Code of Civil Procedure, in action for damages by first purchaser.

4. IBID.—FILING AND APPROVING UNDERTAKING.—In proceedings of this kind, rule 69, of Circuit Court, requiring undertaking to be filed and approved in certain time, does not apply.

Before MEMMINGER, J., Marion, March, 1907.    Affirmed.

Motion to set aside order of arrest in S. U. Davis, John W. Davis and D. K. Godbold against J. K. Reynolds. From order refusing motion, defendant appeals.

*Messrs. Livingston & Gibson* and *W. F. Stackhouse,* for appellant, cite: *Timber sold was not personalty:* 28 Ency., 541; 12 Rich., 318; Green. Ev., sec. 271; 11 Rich., 621; 2 Barb., 613; 55 L. R. A., 329; 107 N. C., 717. *The first contract of sale is good without record:* 1 Strob. Eq., 393; 10 Rich. Eq., 149; 39 S. C., 80. *Law implies license to enter on the land and remove the trees:* 18 Ency., 1132; 3 Kent., 452; Add. on Torts, secs. 116, 130; 18 S. C., 17; 31 S. C., 275. *Allegations of affidavit on information and belief are not sufficient:* 4 Cyc., 482; 42 S. C., 162; 32 S. C., 155.

*Mr. Jas. W. Johnson,* contra, cites: *Failure to file undertaking is not cause to vacate the order:* 43 S. C., 244, 329; 72 S. C., 567; 73 S. C., 413. *Complaint and affidavits make out a case falling under sec. 200:* 1 Wait's Prac., 616; 70 S. C., 108; 16 Ency., 18; 54 S. C., 500; 12 S. C., 45, 580; 28 Ency., 679, 696. *Deadened and felled trees are personalty:* 12 Rich., 314.

July 2, 1907.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an appeal from an order refusing to set aside a previous order, under which the defendant was arrested.

The motion to set aside the order of arrest was made on the following grounds:

"I. Because neither the complaint in said action, nor the affidavit upon which said order of arrest was granted, states a cause of action sufficient upon which to base the arrest of said defendant.

"II. Because said order of arrest was and is defective, in that no cause of action in favor of the plaintiff is shown by said complaint and affidavit, to authorize the granting of said order of arrest.

"III. And that the said order was irregularly granted: Because the undertaking given, upon procuring said order of arrest, with the approval of the officer taking the same indorsed thereon, was not filed in the office of the clerk of the Court of Common Pleas in and for the said County of Marion, within the time provided by the statute in such case made and provided, and the rules of this Court."

The affidavit upon which the order of arrest was granted is as follows:

"Personally appears S. U. Davis, one of the plaintiffs in above stated case, who, on oath, says, that on or about the 14th day of November, 1903, the defendant above-named was the owner of all that certain tract of land, * * * 4,244 acres, more or less. That at said time there were in and upon said tract or body of land, a large number of deadened cypress trees, and also a large number of cypress trees which had been cut down preparatory to conveying same to market; that said trees were very valuable; that on or about the day aforesaid, the plaintiffs above named, purchased said trees from defendant at and for the sum of seven hundred and fifty dollars, which sum was to be paid in three months, but later on the same day they paid the defendant in cash said purchase price, less a small discount, and he then and there gave them a receipt for said purchase price, which receipt sets out the sale by defendant and the purchase by plaintiffs of said timber; that after making said purchase, said plaintiffs cut and felled some of said deadened trees, and prepared same for market, and also marketed some of said trees; that deponent is informed and believes that some time subsequent to the date of plaintiffs' purchase, to wit: on or about the— day of January, 1904, the defendant sold all of said timber to Charles Kraemer and Reece Kinsing, and made them a fee simple title to same. That he is further informed and believes, that at the time the defendant sold said timber to said Kraemer and Kinsing, that he fraudulently concealed from them the fact that he had previously sold said timber to plaintiffs, and assured said Kraemer & Kinsing that they

17—77

were getting a title for said timber free from all other claims, and the said Kraemer & Kinsing thereupon paid for said timber and took a conveyance in fee for same, not knowing of the previous sale by defendant to plaintiffs, and thereby became purchaser thereof for valuable consideration without notice; that some time subsequent to said fraudulent sale by defendant to said Kraemer & Kinsing, the latter, by virtue of their superior title, the title to plaintiff not having been recorded, and the said Kraemer & Kinsing having no notice thereof, took said timber from plaintiffs' possession and have converted same to their own use.

"Deponent states further, that plaintiffs have been damaged by said fraudulent sale of their timber by defendant to said Kraemer & Kinsing, in the sum of fifteen hundred dollars.

"Deponent states further, that the defendant is a non-resident of this State, but that he is temporarily in this county and State, having come here, as he is informed and believes, for the purpose of attending Court, and he will probably leave this State this evening to return to his home in Mt. Airy, N. C."

The affidavit contains the same facts as those alleged in the complaint, except those in the last paragraph.

In refusing said motion, his Honor, the presiding Judge, did not state his reasons, but simply made a formal order that the same be refused. No question, therefore, can be considered by this Court, that was not urged as a ground upon the hearing of said motion. The ground that "neither the complaint in said action, nor the affidavit upon which said order of arrest was granted, states a cause of action sufficient upon which to base the arrest of said defendant," fails to specify in what particulars the affidavit and complaint were insufficient, and the second of said grounds is subject to the same objection. Therefore, no particular error in overruling these two grounds can be assigned by the exceptions, and this Court cannot consider exceptions assigning error generally.

But waiving this objection, and considering the question

in a general way, the exceptions cannot be sustained. The facts alleged in the affidavit, which must be taken as true for the purposes of this appeal, show that the plaintiffs under the agreement with the defendant became the *legal* owners of the trees which had been cut down preparatory to being conveyed to market, as they had ceased to be a part of the freehold, and thereby became personal property, and at least equitable owners of the trees that had not been severed from the soil, as they continued to be real estate, and the receipt was not an instrument of writing sufficient to convey the *legal* title to them. *Fogle v. Church,* 48 S. C., 86, 26 S. E., 99; *Knotts v. Hydrick,* 12 Rich., 314.

The affidavit also alleges that the defendant afterwards sold the trees to another party with fraudulent intent, whereby the plaintiffs suffered damages. While the affidavit alleges facts that might properly be made the basis of an action *ex contractu,* it likewise sets forth facts, appropriate to an action *ex delicto. Welborn v. Dixon,* 70 S. C., 108, 49 S. E., 232. The case, therefore, comes within the provisions of section 200, subdivision 6, of the Code, which is as follows:

"The defendant may be arrested, as hereinafter prescribed in the following cases * * *

"6. In an action for the recovery of damages, in a cause of action not arising out of contract, when the defendant is a non-resident of the State, or is about to remove therefrom, or when the action is for an injury to person or character, or for injury or for wrongfully taking, detaining or converting property."

The next question is whether there was error in overruling the third ground upon which the motion was made. The appellant's attorneys frankly admit that they do not place much reliance upon this ground, and the authorities cited in the argument of the respondents' attorneys show conclusively that it cannot be sustained.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.