6743

## STATE v. LANIER.

LIEN.—A CONTRACT BETWEEN LANDLORD AND LABORER to make a crop need not be in writing to give the laborer a lien on the crop under the statute for his share or his wages, but should be witnessed by one or more disinterested persons.

*Hair* v. *Blease,* 8 S. C., 63, *is practically overruled by Huff* v. *Watkins,* 18 S. C., 510.

Before GAGE, J., Anderson, June, 1907.    Reversed.

Indictment against Lanier, for disposing of crop under lien.    From order quashing the indictment, State appeals.

*Solicitor Julius E. Boggs* and *J. E. Breazeale,* for appellant, cite: 18 S. C., 512; Code, 1902, 3058, 3060; 75 S. C., 560; Black on Int. of Laws., Sec. 136; 52 S. C., 159.

No "Case" and no argument for respondent has been furnished Reporter in this case.

February 13, 1908.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an appeal, on the part of the State, from an order sustaining a demurrer to the indictment charging the defendant with disposing of property unlawfully, upon which there was a lien for labor.

The record states that Asbury White made a crop during the year 1905 as laborer, under contract with defendant. Under the terms of the contract, the defendant agreed to pay White one-half of all crops raised by him.    White performed his part of the contract.    The defendant sold all the cotton raised by White during the year.    White alleged that in October, 1905, the defendant sold one bale of cotton raised by him, weighing 572 pounds, for which defendant received $57.20, and did not pay to him his half, to wit, $28.60.

The indictment is for selling said cotton and refusing to pay the wages to White, or depositing the amount of the debt with the clerk of the Court, as required by statute.

The defendant demurred to the indictment on the ground that, as the contract between the landlord and laborer was not in writing, there was no lien under the statute.

His Honor, the presiding Judge, sustained the demurrer under the authority of *Hair* v. *Blease,* 8 S. C., 63.

In that case the Court had under consideration the following provisions of the Act of 1869 (14 Statutes at Large,

227, now Section 2715 of the Code of Laws) : "All contracts made between owners of land, their agents, administrators or executors, and laborers, shall be witnessed by one or more disinterested persons, and, at the request of either party, be duly executed before a magistrate, whose duty it shall be to read and explain the same to the parties. Such contracts shall clearly set forth the conditions upon which the laborer or laborers engaged to work, embracing the length of time, the amount of money to be paid, and when; if it be on shares of crops, what portion of the crop or crops." Also the third section thereof, which provides : "That whenever laborers are working on shares of crops, or for wages in money or other valuable consideration, they shall have a prior lien on said crop or crops, in whosoever hands it may be. Such portion of the crop or crops to them belonging, or such amount of money or other valuable consideration due, shall be recoverable by action, in any court of competent jurisdiction."

The Court ruled that the laborer did not have a lien on the crop, as the contract for labor was not reduced to writing.

In the case of *Huff.* v. *Watkins,* 18 S. C., 510, 512, the Court, in construing the provisions of the Act of 1869 (incorporated in the Code of Laws as Section 2715), used this language : "If this controversy grew out of an effort by the appellant to enforce the remedy prescribed in the act, and with reference to a contract claimed to have been made under it, then we would not say but that it should have been made, *either in writing or witnessed by one or more disinterested witnesses."*

Again, in reviewing the case of *Daniel* v. *Swearingen.* 6 S. C., 304, the Court said : "In the latter case it was held, that a contract, made *under the act even, need not necessarily be in writing, unless required by one of the parties.* * * * It would seem then, from these cases, and especially from the case of *Daniel* v. *Swearingen,* that there may be two classes of contracts in such cases, one under the

statute and one at common law, each having its own remedy for a violation—the class under the statute to be in writing, *if required by either of the parties, otherwise not;* but by the express terms of the statute 'to be witnessed by disinterested persons.' " (Italics ours.)

It will thus be seen that the subsequent interpretation of said act was different from that which had been placed upon it in the case of *Hair* v. *Blease,* 8 S. C., 63.

The provisions of the statute conferring upon the laborer a lien on the crops are different from those set out in the third section of the Act of 1869, *supra,* as will be seen by reference to Sections 3058 and 3060, which are as follows:

Section 3058. "Laborers who assist in making any crop on shares, or for wages in money or other valuable consideration, shall have a lien thereon to the extent of the amount due them for such labor next in priority to the lien of the landlord for rent; and, as between such laborers, there shall be no preference. Such portion of the crop to them belonging, or such amount of money or other valuable consideration as may be due them, shall be recoverable in an action in any court of competent jurisdiction."

Section 3060. "The landlord shall have a lien upon the crop of his tenant for his rent, in preference to all other liens. Laborers who assist in making any crop shall have a lien thereon to the extent of the amount due them for such labor next in priority to the landlord; and, as between such laborers, there shall be no preference. All other liens for agricultural supplies shall be paid next after the satisfaction of the liens of the landlord and laborers, and shall rank in other respects as they do now under existing laws."

The words "and as between such laborers there shall be no preference," tend to sustain the construction placed upon the provisions of the Act of 1869 (incorporated in the Code of Laws as Section 2715) in the case of *Huff* v. *Watkins,* 18 S. C., 510, which decides that it is not a prerequisite to a lien for labor that the contract between the landlord and laborer should be reduced to writing, unless requested by

either party, but that it is sufficient to create a lien for labor, that the contract should be witnessed before one or more disinterested persons, and should set forth the conditions of the contract prescribed by said section.                    ,

We regard the case of *Hair* v. *Blease,* 8 S. C., 63, as practically overruled by the case of *Huff* v. *Watkins,* 18 S. C., 510.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.