8218

### DAVIS v. REYNOLDS.

1. APPEAL—NONSUIT.—In passing on refusal of nonsuit on Circuit, this Court may consider all the testimony in the case.

2. VERDICTS.—There being more than one inference deducible from the evidence in this case, it would have been error to direct a verdict.

3. CLAIM AND DELIVERY—DAMAGES.—In an action for wrongful taking and detention of property, the jury *may* award as damages according to the facts in the case, the highest market value of the property between the date of taking and the day of trial.

4. APPEAL — PUNITIVE DAMAGES — NEW TRIAL — RES JUDICATA. — No motion for nonsuit or to direct a verdict as to punitive damages having been made, and the attention of the Court not having been called to the fact that there were no allegations of punitive damages, that issue cannot be considered on appeal, but may be made on new trial.

5. REHEARING refused.

Before SHIPP, J., Marion, May, 1911. Reversed.

Action by S. U. Davis, John W. Davis and D. K. Godbold against J. K. Reynolds. Both parties appeal.

*Mr. J. W. Johnson,* for plaintiff, cites: *As to measure of damages:* 83 S. C. 566; 70 S. C. 108; Code of Proc. 200; Code 1902, 2450; 17 S. C. 73; 13 S. C. 19; 18 S. C. 183; 72 S. C. 464; 15 S. C. 30; 12 S. C. 45, 580; 28 Ency. 679, 685, 696; 1 Add. on Torts, secs. 522, 484, 470. *As to punitive damages:* 70 S. C. 108; 77 S. C. 192.

*Messrs. Livingston & Gibson* and *W. F. Stackhouse,* for defendant. *Mr. Livingston* cites: *Trees were dead, and consequently, personal property:* Green. Ev., sec. 271; 11 Rich. 624; 12 Rich. 314; 28 Ency. 541-2. *Neither defendant nor his grantees could prevent plaintiff from entering and removing trees:* 18 Ency. 1132; 3 Kent. 452; Add. on Torts, secs. 116, 130; 18 S. C. 17; 31 S. C. 275. *Allega-*

*tions necessary to recover punitive damages:* 78 S. C. 72; 70 S. C. 108; 35 S. C. 475.

The opinion in this case was filed on May 7, but remittitur held up on petition for rehearing until

May 28, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is the second appeal in this case. The first appeal is reported in 77 S. C. 255, 57 S. E. 850. It was then tried before Judge Ernest Gary and a jury, and the verdict set aside by him and a new trial granted. It was then tried before Judge Shipp and a jury, and a verdict rendered for the plaintiff for six hundred and fifty ($650) dollars. At close of testimony, defendant asked the Court to grant a nonsuit or direct a verdict, on the grounds set forth in the case, in his favor. Both motions were refused.

As to the nonsuit, there was some testimony to go to the jury from the plaintiffs, and in considering a motion for a nonsuit, this Court can examine all of the testimony introduced in the case, both that of the plaintiffs and defendants. *Dupuy* v. *Williams, infra* 185, S. C., and cases therein cited in Chief Justice Gary's opinion in that case.

As to the motion to direct verdict, there was a conflict of testimony and more than one inference could be drawn from it, and it is the peculiar province of the jury to pass upon just such issues, and there was no error on the part of the Circuit Judge in refusing the motion.

The plaintiff's first and sixth exceptions question the correctness of the Circuit Judge's charge as to the law which should govern the jury in measuring damages, if they should find for the plaintiffs. These exceptions are: First. "Because his Honor erred, it is respectfully submitted, in charging defendant's tenth request to

Rep.]                April Term, 1912.

charge, which was as follows: 'That the measure of damages in this action, so far as the standing timber is concerned, is the amount of the purchase money in the timber at the time of alienation, with legal interest from the date they were deprived of the property;' whereas, he should have charged that the measure of actual damages in this action, so far as the standing timber is concerned, is the market value of the said timber in its condition at the time and place at which plaintiffs were deprived of same, with legal interest from the date they were deprived of same, if they were deprived of same, by acts of defendant."

Sixth exception: "That his Honor erred in charging the jury as follows: 'Under the statute law of this State, the measure of damages would be the purchase price of the timber, so much of it as was standing, with interest at the legal rate on that sum, from the time that the plaintiffs were notified by Kreamer and Kintzing of their purchase of the land;' whereas, he should have charged them, it is respectfully submitted, that we have no statute law in this State covering the law of this case on this subject, and that the measure of actual damages in this action, so far as the standing timber is concerned, is the market value of the said timber in its condition at the time and place at which plaintiffs were deprived of the same, with legal interest from the date they were deprived of the same, if they were deprived of the same, by acts and conduct of defendant, or certainly the market value of said timber at the nearest market, in its condition at the time and place at which plaintiffs were deprived of the same, with legal interest from the date they were deprived of same, if they were deprived of same, by acts and conduct of the defendant."

We deem it unnecessary to consider the other exceptions in the case, as the first and sixth exceptions must be sustained, as the law as laid down by Judge Shipp was erroneous. Wherever there is a wrongful taking and conversion of property, the jury may give the highest market value

from the time of the taking up to the time of the trial. The rule applicable to cases of this character is well stated in *Gregg* v. *Bank*, 72 S. C. 464, 52 S. E. 195. Mr. Justice Woods, as the organ of the Court, says: "The defendant next submits if it was liable at all, the jury should have been confined in estimating damages to the value of the property at the time of conversion, and it was error to charge: 'In a case of conversion of personal property the jury may give the highest market value up to the time of the trial.' It will be observed the instruction was not that the plaintiff in all cases of conversion is *entitled* to recover the highest market value up to the time of trial, but that the jury *may* adopt that as the measure of damages. This was a correct statement of the law as laid down in this State in *Carter* v. *Dupre,* 18 S. C. 179. The just measure in some circumstances may be the value at the time of conversion, as was considered by the Court in *Reynolds* v. *Witte,* 13 S. C. 9. In other circumstances the just measure might clearly be the highest market value, and the jury may adopt the one or the other according to their view of the justice of the case. No doubt if either measure were capriciously adopted, the Circuit Judge would have the power to relieve against injustice by ordering a new trial. For instance, if the conversion were made under a *bona fide* claim of right, without grievous wrong or oppression, and it appeared reasonably certain the plaintiff would have sold about the time of the conversion, manifest injustice would have been done to make an unusual sporadic rise in the market price, due to abnormal conditions occurring long after the conversion, the measure of damages. On the other hand, to give only the value at the time of the conversion would, in some circumstances, be equivalent to requiring the owner of the property to sell his property at a time and for a price fixed by a wrongdoer."

As to defendant's exceptions to charge of Judge as to punitive damages no motion was made for nonsuit or direc-

tion of verdict on this ground, neither was his attention called to the fact there was no allegation of such damages in complaint, and this issue is not before us, but in new trial the point can be made if defendant be so advised.

The judgment of the Circuit Court is reversed and a new trial granted.

MR. JUSTICE FRASER *concurs in the result.*

Petition for rehearing dismissed by formal order filed on May 28, 1912.