8500

SMOOTHING IRON HEATER CO. v. BLAKELY.

1. DAMAGES—CONTRACTS.—Where under a contract to manufacture cer-
   tain articles, one party is prevented from carrying out his part of the
   contract by the acts of the other, he is entitled to recover insurance
   and storage on manufactured articles and profits on those not manu-
   factured, and these are not special, speculative or remote damages.
2. CHARGE—REQUEST.—Where a Judge in his general charge, in his
   own language, covers the point in a request, it is not error to decline
   to give the request.
3. NEW TRIAL.—Granting a new trial absolute, *nisi* or not at all is dis-
   cretionary with the trial Judge and no abuse is shown here.
4. CHARGE—APPEAL.—Where the Court charges the law applicable to
   the pleadings and proof and at the close of the charge asks appel-

lants if they have anything further to suggest and nothing is said, appellant will not be heard to say the charge did not cover the issues in the case.

Before SEASE, J., Laurens, April term, 1912.   Affirmed.

Action by Smoothing Iron Heating Company against A. B. Blakely.   Defendant appeals on the following exceptions:

I. "His Honor, the presiding Judge, erred in overruling the defendant's objection to the testimony of E. L. Witherspoon, a witness for the plaintiff, as to the charge of thirty-six dollars for storage and twenty-seven dollars for insurance and as to the one hundred and thirteen ($113.28) and 28-100 dollars claimed as damages or profits on the 7,100 sets of unmanufactured harness detachers on the ground that said testimony being incompetent, and that said charges, damages or profits are remote, contingent and speculative and no notice was given the defendant of such intended charges or liabilities at time of making the contract and the complaint contained no allegation of any items from special damages in regard to any of the said particulars and the defendant not having authorized the said insurance or storage and having countermanded the manufacture of the said articles.

II. "Because his Honor, the presiding Judge, erred in refusing the fourth request to charge of the plaintiff, which was as follows: IV. 'In this case, if the plaintiff has shipped to defendant the articles claimed to have been shipped, and if the articles so shipped did not come up to the sample, die or specifications under which they were to be manufactured, the plaintiff should have not manufactured any more of said articles and would not be entitled to recover any damages of the defendant's failure to order out any more articles or to accept any more goods that remained to be manufactured.' The errors being that said charge embraced a sound propo-

sition of law applicable to the facts and was not a charge upon the facts, nor was embodied in the previous charge, and the defendant had a right to rely upon the defense of breach of contract on part of the plaintiff in the manufacture of said harness detachers according to specifications of the contract and the testimony showing that there was a breach of said contract, the defendant had the right to the charge from the Court that if the articles were not manufactured according to plans and specifications in the contract, not only should the plaintiff have estopped the manufacture of said articles, but, furthermore, would not be entitled to recover any damages or profits on the unmanufactured articles.

III. "Because his Honor, the presiding Judge, erred in refusing to charge the sixth request to charge of the defendant, which was as follows: VI. 'The plaintiff cannot recover one hundred and thirteen ($113.28) and 28-100 dollars for the 7,100 sets of unmanufactured harness detachers as that would be speculative damages;' the error being that said request contained a sound proposition of law applicable to the facts and that said request was not a charge on the facts and that said damages or profits were contingent, remote and speculative, and no notice was given of such claim at the time of the making of the contract and the complaint contained no allegation of any special damages which the plaintiff intended to claim under said contract.

IV. "Because his Honor, the presiding Judge, erred in not granting the defendant's motion made upon the minutes of the Court for a new trial absolute and without conditions.

V. "Because his Honor, the presiding Judge, erred in his charge as to the counterclaim of the defendant in not charging that if the amount found for defendant upon his counterclaim was equal to that of the plaintiff's claim the jury should find for the defendant, and if the defendant's counterclaim should be found to be of less amount than the

plaintiff's claim the jury should find for the plaintiff only the difference between the two claims.

VI. "Because his Honor, the presiding Judge, erred in adding a modification to the defendant's I, II and III requests to charge, the error being that when the goods are to be manufactured for a known purpose there is an implied warranty that the goods are fit and suitable for the purposes for which they were to be manufactured, the plans and specifications being the means to the end, and his Honor's charge restricted the application of the law to the facts in this case to the prejudice of the defendant, and the said requests."

*Messrs. Richey & Richey* and *F. P. McGowan,* for appellant, cite: *Profits on unmanufactured articles are speculative:* 9 Exch. 341; 25 S. C. 68; 83 S. C. 501. *Failure of one party to a bilateral contract to perform his part discharges the other:* 9 Cyc. 643; 3 Hill 258. *There is an implied warranty that the article manufactured would be suitable for the purpose:* 12 S. C. 586; 2 Benj. on Sales, sec. 1003; 80 S. C. 292; 35 Cyc. 401.

*Messrs. Lee & Moise* and *Dial & Todd,* contra. *Messrs. Lee & Moise* cite: *As to liability of defendant:* 3 Suth. Dam. 1864-5. *Elements of damages:* 3 Suth. Con. 239, 259.

April 1, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This cause was tried before Judge Sease, and a jury, at the April term of Court of Common Pleas, 1912, for Laurens county. The plaintiff by its complaint claimed $372 as the price of 2,400 pairs of harness detachers at 15½ cents per pair and $276.18 for insurance and storage and damages by way of profit on 7,100 unmanufactured pairs of detachers under verbal contract between appellant and respondents made in 1907. Appellant, by

answer, denied the material allegations of the complaint and alleged that there was a contract between them made in April, 1907, wherein it was agreed:

1st. That the plaintiff should furnish suitable material for and manufacture a suitable and perfect die and make 10,000 sets of harness detachers and deliver same to the defendant, 500 per month.

2d. Manufacture said harness detachers out of suitable material and exactly like the model furnished by defendant.

3d. That the defendant shall advance $300 to pay for the die and advance the amount of the purchase money for the raw material for the manufacture of the detachers.

4th. That the defendant should pay 15½ cents per set for said detachers, less the money advanced for raw material.

5th. The answers, also, alleged a breach of contract by the plaintiff, and that the detachers were utterly worthless and unfit for the purpose for which they were made; that they were improperly made and not after the model furnished; and set up a counterclaim against the defendants for $300, paid for the die, and $568.48, advanced for material for the detachers and for $77.50, paid for 500 detachers delivered; in all amounting to $944.98.

The jury found a verdict for the plaintiff for $325 A motion for a new trial was made by the defendant. The Court granted a new trial *nisi.* Defendant appeals upon six exceptions. The sole question for the jury to determine was the measure of damages, if any. There was no denial of the contract between the parties and the question of the manufacture of the articles was a question for the jury. The exceptions should be set out in the report of the case.

The first exception alleges error in admitting testimony, over objection, of E. L. Witherspoon as to a charge for storage and insurance and a claim for damages or profit on unmanufactured articles, on the ground that it was incompetent and the damage was remote,

speculative and contingent and no notice was given to the defendant of such intended charge at the time of the making of the contract.

Sutherland on Damages, 3d edition, 3d volume, at pages 1864 and 1865, says: "The general rule of damages heretofore stated is sometimes regarded as inadequate to compensate the vendor for the loss he has sustained in consequence of the vendee's refusal to accept the goods.    In a Virginia case there was a refusal to receive crude iron ore, and it was adjudged that the vendor could recover damages for the loss resulting from the delay to receive it and also for the profits that would have been realized if the whole amount contracted for had been delivered.    In answering the objection to such recovery, the Court held it would not be doubted, the object of the law in awarding damages is to make amends, or reparation.    It aims to put the party in the same position, so far as money can do it, as he would have been if the contract had been performed.    He is entitled to recover all damages resulting directly from its violation. There may be several elements of damages.    It may, as in this case, consist of the expense incurred in taking care of the unemployed stock, and paying the wages of idle employees that were necessary to the performance of the contract, while the plaintiff was unnecessarily and unreasonably prevented from doing the work contracted for, and may also consist of the profits which would have been realized if the party had been allowed to complete the contract.    Otherwise, a contract from which a profit was reasonably certain, might result, without his fault, in an absolute loss to the party who should have received the profit.    One might enter into an agreement to do certain work, at a stipulated time, which required for its performance teams and hands, and though ready to begin at the appointed time, be prevented by the other party from doing so, through one pretext or another, until the daily expenses of his equipment, idle teams and his hands, exceed the entire profit to be expected from

the performance of the work, and then finally not be allowed to do the work at all.    Is it possible that, in an action for breach of contract, he could only recover the profits that he could show that he would have made from the performance of the work if he had been allowed to do it, and nothing from the loss resulting from the delay induced by the misconduct of the other party to the contract?    If so, instead of gains or profits, he would have to suffer an actual, pecuniary loss without fault on his part, but caused solely by the misconduct of the other party.    Such a result would directly conflict with the very object of the law in awarding damages for the violation of a contract, which is to place the party pecuniarily in the same condition that he would have been in, if the contract had been kept and performed.    The measure of damages in every cause must be such as, when applied, will result in the ascertainment of the sum necessary to make good the entire loss sustained by the reason of the act of default which constitutes the cause of action.    The plaintiffs were, by the act of the defendant, prevented from making the deliveries called for by the contract.

"A party to a contract is entitled to recover for a breach thereof by the other party such damages as are the natural and proximate results of the breach, but not profits unless loss of profits is a natural and proximate result of the breach and the extent of the loss is satisfactorily proved." *Red .Raven Ash Coal Co.* v. *Herron,* 75 S. E. 752.

This exception is overruled.

The second exception, imputes error on the part of his Honor in not charging defendant's fourth request.    The Judge charged defendant's fifth request, and that, taken in connection with his general charge, will show that he charged the legal propositions contained in this request.    "The Judge has the right to charge the law of the case in his own language and where he fully discharges that duty he is not required to charge abstract prop-

ositions or sound propositions of law applicable." *Joyner* v. *R. R. Co.,* 91 S. C. 104, 74 S. E. 827.

This exception is overruled.

The third exception is overruled, for the reasons stated in overruling the first exception.

The fourth exception is overruled, because it was entirely within the Judge's discretion to grant a new trial absolute, *nisi,* or to refuse the same, and we see no erroneous exercise of that discretion.

Exception five is overruled, because his Honor charged fully the law as applicable to the evidence and pleadings, and after his charge, asked defendant's counsel if they had any suggestions to make and none were made to his Honor.

Exception six, is overruled, as his Honor committed none of the errors complained of and his charge was in no manner prejudicial to the appellant.

Judgment affirmed.