11388

BIRT v. GREENE & CO. *ET AL.*

(120 S. E., 747)

1. CHATTEL MORTGAGES—SHARE CROPPER'S LIEN HAS PRIORITY OVER MORTGAGE FOR FERTILIZERS.—Under Civ. Code 1922, § 5693, a laborer or share cropper has a lien upon the crop next in priority to the landlord's lien for rent and necessarily senior to a mortgage on the crop for fertilizers.

2. LANDLORD AND TENANT—DIVISION AND DELIVERY PERFECTS SHARE CROPPER'S TITLE.—A division of the crop and the actual delivery to laborer or share cropper of his share perfects his legal title.

3. LANDLORD AND TENANT—SHARE CROPPER'S AGREEMENT NEED NOT BE IN WRITING.—The contract between landowner and share cropper for labor need not be in writing.

4. TROVER AND CONVERSION—INSTRUCTION THAT HIGHEST PRICE WAS MEASURE OF DAMAGES FOR CONVERSION HELD ERROR.—In awarding damages for the conversion of personalty, a jury may, in its discretion, adopt the highest price of the article between the date of conversion and the trial, but an instruction that that was the proper measure of damages *held* error.

5. APPEAL AND ERROR—IF PLAINTIFF REMITS EXCESS OF JUDGMENT OVER ADMITTED AMOUNT, JUDGMENT AFFIRMED AS SO REDUCED, OTH-

ERWISE REVERSED.—Where, in an action for conversion, an erroneous instruction as to damages was given, but defendants admitted the price at which the litigated property was sold, if plaintiff remits the excess over that amount, the judgment as so reduced will be affirmed, otherwise it will be reversed.

Before N. G. EVANS, SPECIAL JUDGE, Barnwell, 1923. Affirmed.

Action by F. C. Birt against Greene & Company and Jack Scott. Judgment for plaintiff and defendants appeal.

*Messrs. Brown & Bush,* for appellants, cite: *Share croppe has no interest in crop until division:* 115 S. E., 753; 87 S. E., ——.

*Messrs. J. O. Patterson, Jr.,* and *James A. Kennedy,* for respondents, cite: *Irrelevant instructions should be called to attention of Court:* 83 S. C., 278; 86 S. C., 313; 97 S. C., 116; 86 S. C., 229. *Laborer or share cropper's lien:* 1 Civil Code 1912, Secs. 4163, 4164; 106 S. E., 367. *Errors must be prejudicial:* 97 S. C., 335. *Plaintiff entitled to highest market price from date of seizure to date of trial:* 72 S. C., 464; 91 S. C., 439. *Error cannot be based on portion of charge:* 98 S. C., 335.

January 3, 1924.

· The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action in claim and delivery for two bales of cotton. Verdict for the plaintiff for the delivery of the property or its value, $200.00. The defendants appeal.

The respective contentions of the parties will appear from the following statement of facts, as to which there appears to be no controversy.

The land, a body of ten acres of open land upon which the cotton was grown, was a part of a tract containing 165 acres, and belonged to the estate of J. W. Birt, deceased, father of the plaintiff, F. C. Birt. The entire tract was under the control of one Creech, as agent for the Birt heirs.

In the early part of 1920 he rented about 25 acres of it to
F. C. Birt. The latter being unable to purchase sufficient
fertilizer for the 25 acres, rented ten acres of it to one S.
H. Alsbrook, under a verbal agreement with him that Als-
brook should pay F. C. Birt one bale of cotton as rent and
should furnish the fertilizer, and F. C. Birt should furnish
the stock and cultivate and gather the crop, and that the
products of the farming operations should be equally di-
vided between them at harvest time. In May, 1920, Als-
brook purchased from Greene & Co. fertilizer to the amount
of 151.50 for use on the ten acres and gave his note secured
by a mortgage upon the crop to be grown upon the ten
acres. Birt made four bales of cotton on the place, which
was divided between himslf and Alsbrook, each receiving
two bales. Alsbrook turned over one bale to Birt and the
other to Greene & Co. upon his fertilizer note. Birt re-
ceived or retained the other two bales. The crop mortgage
and note for fertilizer obtained from Greene & Co. not
having been paid at maturity, Greene & Co. seized the two
bales in the possession of Birt, under this mortgage, and
this action in claim and delivery by Birt against Greene &
Co. for the other two bales so seized resulted.

As is obvious from this statement, Birt claims the cotton
by virtue of his lien as a laborer or share cropper, and
Greene & Co. under the crop mortgage given to them by
Alsbrook. Which has the better claim to the cotton?

The case is a most unusual one. Birt did not himself
own the land, but was a tenant of the estate of his father.
When he rented the ten acres to Alsbrook under the agree-
ment that Alsbrook should pay him one bale of cotton as
rent, the transaction was a subletting of the land; and when
the contract further provided that Alsbrook should furnish
the fertilizer and that Birt should cultivate and gather the
crop and divide it, Birt became either a partner of Alsbrook
or his tenant, or a laborer or share cropper with him. If
the two transactions had been separate (the subletting to

Alsbrook and a subsequent agreement of the character stated), the last transaction would strongly indicate a case of tenancy, as it does not appear that Birt was to work under the direction and control of Alsbrook. But as both stipulations were part and parcel of one agreement, the entire transaction would indicate a case of partnership operation or a joint adventure. We are relieved, however, of a consideration and determination of the relation which Birt assumed by the specific allegation in the answer of Greene & Co. "that the said Birt was a laborer or share cropper for the said S. H. Alsbrook." Moreover, in the Judge's charge, he held that Birt assumed the relation of a laborer or share cropper, to which no exception was taken.

There would be reasonable ground for this conclusion, had it appeared that Birt was to work the crop under the supervision and control of Alsbrook, for when Alsbrook rented the land from Birt it was as if for the time being he owned it. He then furnished the land and the fertilizer, and Birt furnished the stock, cultivated and gathered the crop, and the question whether he assumed the relation of tenant or of laborer depended upon whether or not he was to work under the direction of Alsbrook.

But, as indicated, this under the answer and the 1-3 Judge's charge is not an open question; the appeal must be decided upon the assumption that Birt was a laborer or share cropper. That being so, under the provisions of Section 5693, Code of 1922, Birt had a lien upon the crop next in priority to the landlord's lien for rent and necessarily senior to the mortgage of Greene & Co. The division of the crop between Birt and Alsbrook and the actual delivery to Birt of his share perfected his legal title. The contract for labor need not have been in writing. *State v. Lanier,* 79 S. C., 103; 60 S. E., 225 (overruling *Hair v. Blease,* 8 S. C., 63). While it appears necessary that the contract be witnessed, there was evidence tending to show that this condition was complied with.

The matters complained of in the exceptions other than the sixth are either concluded by the foregoing adjudication or are of such an inconsequential nature as not to require further consideration. The sixth exception assigns error in the charge of the presiding Judge to the effect that in the event that the cotton should not be returned the plaintiff would be entitled to the highest price available from the time of the taking to the time of the trial.

The rule announced in the decisions of this Court is that, in awarding damages for the conversion of personal property, the jury may, in its discretion, based upon tht facts of the particular case, adopt as a measure the highest price of the article between the date of conversion and the trial. The reference of this matter to the jury, controlled as stated, necessarily excludes the idea that the plaintiff is entitled thereto as a matter of legal right. The subject is lucidly explained in the case of *Gregg v. Bank,* 72 S. C., 464; 52 S. E., 195; 110 Am. St. Rep., 633, in an opinion by Mr. Justice Woods. See, also, *Kid v. Mitchell,* 1 Lott, & McC. 334; 9 Am. Dec., 712. *Burney v. Pledger,* 3 Rich., 191. *Rogers v. Randall,* 2 Speer, 38. *Harley v. Platts,* 6 Rich., 318. *Carter v. DuPre,* 18 S. C., 179. *Reynolds v. Witte,* 13 S. C., 9; 36 Am. Rep., 678. *Davis v. Reynolds,* 91 S. C., 439; 74 S. E., 827. The charge complained of in this exception was, therefore, erroneous in declaring that, as a matter of legal right, the plaintiff was entitled to the measure stated.

Inasmuch, however, as the defendant Greene & Co. admit in their answer that the cotton (1,013 pounds) was sold about December 1, 1920, for $129.15 (12¾ cents per pound), and there are no special circumstances calling for a different measure of damages, the error may be corrected by an order for a trial *nisi.*

The judgment of this Court is that the judgment of the Circuit Court be reversed, unless the plaintiff, within ten days after the filing of the remittitur herein with the Clerk

of the Court of Common Pleas for Barnwell County, remit upon the record of the judgment, the excess thereof over $129.15, with interest at 7 per cent. from December 1, 1920, to the time of such entry, and that upon said entry the judgment of the Circuit Court so reduced be affirmed.