Helen CLYBURN, John S. Clyburn, Louise C. Mangum, Ben H. Crawford, Sr., and Ben H. Crawford, Jr., and John C. Crawford, by their Guardian ad Litem, Ben H. Crawford, Sr., Plaintiffs,

v.

CAROLINA MINING AND EXPLORATION CORPORATION and O. Roddey Bell, Defendants.

Civ. A. No. 2853.

United States District Court
E. D. South Carolina,
Florence Division.

March 23, 1955.

Williams & Parler, Roddey L. Bell, Lancaster, S. C., for plaintiffs.

LeRoy M. Want, Darlington, S. C., T. Carlisle Smith, Jr., Asheville, N. C., Louis M. Shimel, Charleston, S. C., for defendants.

WILLIAMS, District Judge.

On June 3, 1954, this cause was referred to Charles W. Muldrow, Esq., as Special Master, pursuant to Rule 53 of the Rules of Civil Procedure, 28 U.S.C.A. The Special Master filed his report on the 14th day of December, 1954. In that report the Special Master discusses fully the facts and law in this case and I am satisfied with his findings and conclusions, excepting that I am of the opinion that the amount of damages found by him to be sustained by the defendant corporation as a result of the unlawful acts of the plaintiffs be reduced as follows:

As to the unlawful cutting and removal of timber.

The evidence shows that in 1951 the timber would have brought $30 per thousand.

In the case of Davis v. Reynolds, 91 S. C. 439, 74 S.E. 827, 828, involving the cutting and removal of timber, the South Carolina Supreme Court said:

"Wherever there is a wrongful taking and conversion of property, the jury may give the highest market value up to the time of the trial."

While the Master was justified in finding that the defendant was entitled to be credited with $30 per each thousand feet of timber, nevertheless, I feel that it is proper to reduce the credit to $25 per thousand for the following reasons:

The contract between the parties provided that "the timber on the property may be used for building on the premises as needed in the operation of the mine and shall be paid for at the then current rate of like timber, such payments to be credited on the purchase price of the property."

It appears from the evidence that in 1950 the defendant was charged and paid to the plaintiffs $25 per thousand. I have, therefore, concluded that instead of charging the plaintiffs at the rate of $30 per thousand, the current price in 1951, to charge them only $25 per thousand, the price charged to and paid by the defendants to the plaintiffs in 1950. The timber damage therefore is reduced from $45,000 as found by the Master, to $37,500.

As to the other items, the Master found that the defendant is entitled to be credited with the sums of $10,800 for the unlawful removal of the pipeline, $7,500 for the unlawful removal of the stamp mill and $8,500 for the unlawful granting of a power line right-of-way and the value of the timber cut thereon.

These findings are based upon the evidence of experts who approximated the damages. After giving due consideration to these items of damage, I

534

have concluded that it is proper to reduce them as follows: Pipeline—$9,800; Stamp Mill—$3,000; Right-of-way and related timber—$2,650; thereby increasing the amount to be paid by the defendant to the sum of $80,359.89.

Save as herein modified, the said report of Charles W. Muldrow, Esq., Special Master, is hereby in all respects confirmed and made the judgment of this Court.