LITTLE v. WHITE.

1. It is the better practice to have the execution of a deed made or acknowledged by the grantor while the two witnesses are together and to have the witnesses subscribe their names in the presence of each other; but it is a valid deed where the two subscribing witnesses witnessed it separately.
2. *Per McIver, J.* Where a deed is disputed, one of the subscribing witnesses is sufficient to prove its due execution.

Before KERSHAW, J., Chesterfield, September, 1887.

This was an action by John T. Little to recover the possession of certain real property from Anna White and others, commenced May 11, 1886. The opinion states the case. The deed in question was dated in March, 1881.

*Messrs. Prince & Rankin,* for appellant.

*Messrs. Hough & Kennedy,* contra.

July 13, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action to recover possession of real estate, and the sole question made by the appeal is as to the correctness of certain instructions given to the jury as to the execution of a certain deed, one of the links in the plaintiff's chain of title. The deed in question was from Anna White to Simpson J. White, under whom the plaintiff claimed, and it purported to have been executed in the presence of two subscribing witnesses, J. C. McGoughan and Isaac Smith. One of these witnesses, McGoughan, was examined at the trial, but the other, Smith, was dead, and "his handwriting as a subscribing witness was proved, as well as his oath for probate in the usual form." The controversy was as to whether Smith signed the deed at all, or if so, whether he signed at the time it was signed by the grantor and the other subscribing witness. The testimony tended to show that Smith was not present at the time it was so signed, and that he signed it afterwards, but whether in the presence of the grantor or not, was one of the questions of fact stoutly con-

tested at the trial, and as to that question, we, of course, in a case of this kind, have no jurisdiction.

The Circuit Judge, after explaining to the jury in general terms the requirements of the law in regard to the execution of a deed, instructed them as follows in relation to the particular deed here in controversy: "If this paper was signed by Mrs. Anna White in the presence of McGoughan only, and Smith was never brought with McGoughan into the presence of Mrs. Anna White to witness her signature, either by seeing her sign or hearing her acknowledge that as her signature, in the presence of both of them at the same time, it is no deed." And again, "If Smith signed at the court house, never having been brought before Mrs. Anna White and with the other witness, McGoughan, have her to acknowledge it in the presence of both of them, then the deed was never executed in the presence of two witnesses. If it was executed in the presence of one hundred witnesses and no two of them were brought together at the same time to witness the acknowledgment of the deed, it would not be executed according to law." And still again the jury were told, "So in regard to that deed, unless these two witnesses were at the same time brought together into the presence of Mrs. Anna White, and together witnessed her signature, or her acknowledgment of her signature, there is no valid execution of that deed. * * * There must be the joint witnessing of the transaction by two witnesses, and each must be able to say that he with the other witnessed the due execution of the deed by the maker."

The jury having found a verdict for the defendants, the plaintiff appeals practically upon two grounds, the third being too general to require notice. "I. His honor erred in charging the jury that it is necessary for the validity of a deed that the two subscribing witnesses should sign it in the presence of each other and the grantor. II. His honor erred in charging that it is necessary for the validity of a deed, that the grantor should sign it in the presence of both subscribing witnesses."

Inasmuch as the counsel for respondents insists that the Circuit Judge did not charge the jury in the manner stated in the grounds of appeal, it will first be necessary to consider that question; and for this purpose we have deemed it proper to set out

*verbatim* so much of the charge as relates to that matter. There can be no doubt that the jury were clearly and explicitly instructed that it was necessary to the validity of the deed that the subscribing witnesses *should be together* when they saw her sign or heard her acknowledge her signature, and it seems to us that the grounds of appeal, fairly construed, raise the question whether there was error in such instruction, and we will therefore proceed to consider that question.

There can be no doubt that two subscribing witnesses are necessary to the validity of a deed designed to convey real estate (*Craig* v. *Pinson*, Cheves, 272), but we know of no law which requires that these two witnesses *should be together* when they witness the signing by or acknowledgment of signature by the grantor. On the contrary, such authorities as we have been able to find show that there is no such requirement. In *Park* v. *Mears* (2 Bos. & Pul., 217), a bond having been executed by A, and attested by one witness, was carried into an adjoining room and shown to B, who was desired to attest it also, which he accordingly did in the presence of A, and it was held that the bond was duly executed, although the other attesting witness was not present when B signed as a witness, nor was B present when the other attesting witness witnessed the signature. This case is cited with approval in 2 *Stark. Evid.*, 335, when discussing the requisites necessary to a due execution of a deed. So in 2 *Greenl. Evid.*, section 295, it is said: "In the proof of signing and sealing, it is not necessary that the witnesses should have seen this actually done; it is sufficient if the party showed it to them as his hand and seal and requested them to subscribe the instrument as witnesses." But it is nowhere said, or even intimated, that it is necessary that these two witnesses must be together when they are called upon to witness the instrument.

Even in the case of a will, usually regarded as a more solemn and formal instrument than an ordinary deed, although three subscribing witnesses were necessary, it was never held, prior to the recent amendment of the statute, that the attesting witnesses should be together when they witnessed the execution of the paper, but, on the contrary, it was held "that the witnesses may attest and subscribe severally and at different times." *Tucker*

v. *Oxner*, 12 Rich., 142–3, and to same effect, *Verdier* v. *Verdier*, 8 *Id.*, 141. It would seem that if the subscribing witnesses to a will may attest and subscribe severally and at different times, the same rule would apply in the case of a deed, especially where there is no statute or rule of law to the contrary. We see no more reason, in fact not so much, why the subscribing witnesses should be together when they witness the signing or acknowledgment of a deed, than when they witness the execution of a will.

The important inquiry, when the execution of a deed is brought in question, is whether the alleged grantor has signed, sealed, and delivered the instrument, in the presence of at least two persons who have subscribed their names as witnesses, and whether those two persons were together at the time is wholly unimportant to the inquiry. The fact to be proved is the signing, &c., of the alleged deed. and as it is well settled, and indeed conceded, that such fact may be proved by the acknowledgment of the grantor, as well as by seeing him sign, we see no reason why a deed is not well executed when it is signed, &c., in the presence of one witness, who subscribes his name as such, and then taken to another room or to another house and there acknowledged by the grantor in the presence of another witness, who likewise subscribes his name as a witness.

It is true that it is the better practice to have the deed executed in the presence of two subscribing witnesses who are together at the time; for when the execution of the deed is called in question, either one of the witnesses would be sufficient to prove the essential fact that it was executed in the presence of two subscribing witnesses, whereas if the subscribing witnesses are not together at the time, neither one of them alone could prove the essential fact that it was executed in the presence of two subscribing witnesses, and it would be necessary to examine both if alive, or prove the handwriting of the one who might be dead, in addition to the evidence of the one who might be alive.[1]

---

[1] Still another reason might be suggested why it would be better to have the two witnesses see each other sign. Before the deed can be recorded its execution must be proved by the affidavit of one of the subscribing witnesses; and universal usage in this State requires the probating witness to

But where, from any cause, it may be impracticable or inconvenient to have the two witnesses present at the same time, we know of no law, and can see no reason, which forbids the due execution of a deed by having it signed, &c., in the presence of one witness who subscribes his name as such, and then taking it to another witness, before whom it is acknoweledged by the grantor, and who then subscribes his name as a witness.

It seems to us, therefore, that the Circuit Judge erred when he instructed the jury that the paper in question was not a valid deed unless the two subscribing witnesses were together when they saw Mrs. White sign the paper, or heard her acknowledge her signature, and, on the contrary, the jury should have been instructed that, if Mrs. White signed, sealed, and delivered the paper in the presence of one of the witnesses who subscribed his name as such, and afterwards acknowledged, in the presence of the other witness, the signing, sealing, and delivery of the same, who then subscribed his name as a witness, the deed was duly executed, and it was immaterial for them to inquire whether the first witness was present, at the time the acknowledgment was made to the last, and the paper subscribed by him as a witness.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case be remanded to that court for a new trial.

---

swear not only that he saw the grantor sign, &c., but also that he, with the other subscribing witness, witnessed its due execution. If this probating witness did not see the other witness sign, he could only learn from hearsay that the other witness had witnessed the deed. And a scrupulous person might decline to swear to a fact which he only knew from hearsay.

As two witnesses are essential to the validity of a deed, it would seem to be necessary that the recording officer should be satisfied by affidavit that two witnesses had witnessed the execution of the deed, before he could admit it to probate. But, it may be, that the affidavit of the two witnesses, each swearing separately to his own act, would satisfy the requirements of the law. See 7 *Stat.*, 232, 233, 247 ; *Gen. Stat.*, § 1777.—REPORTER.