8560

THOMPSON v. THE EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES.

1. INSURANCE—PROOFS OF DEATH.—Where an insurer in answering a complaint on the policy admits the death of the insured and its liability, but alleges it does not know to whom the proceeds are due, it is not necessary to prove proofs of death were made.

2. IBID.—ASSIGNMENT OF POLICY.—Where an insured in his lifetime complies with the requirements of the policy as to assignment, and delivers it to the assignee with a note to the insurer to indorse the assignment on the policy, who forwards both papers to the insurer, who receives them before the death of the insured, but does not enter the assignment until after his death, but before notice thereof, the rights of the assignee are paramount to those of the first beneficiary named in the policy. An insurance policy may be transferred by parol.

3. PARTIES—EXECUTOR—ADMINISTRATOR.—The Court will not require an executor or administrator to be made a party defendant where such requirement would serve no useful purpose.

Before SPAIN, J., Richland, Spring term, 1912. Affirmed.

Action by Richard A. Thompson against The Equitable Life Assurance Society of the United States. Defendant appeals.

*Messrs. Melton & Belser* and *R. E. Carwile,* for appellant, cite: *Proof of death is necessary:* 60 N. Y. 169; May on Ins., sec. 562; Bliss on Life Ins. 412. *What constitutes an assignment:* 65 N. W. 501; 82 N. W. 535. *Endorsement was not pure ministerial act:* 55 So. 841; 171 N. Y. 616; 109 Am. St. R. 283; 88 N. W. 606.

*Mr. Frank G. Tompkins,* contra, cites: *Company waived proof of loss:* 29 S. C. 560; 25 Cyc. 885. *An assignment may be treated as an attempt to change beneficiary:* 2 Cooley's Briefs on Ins. 1097, 1104; 178 Ill. 202; 59 N. Y. Sup. 540. *Beneficiary has no vested right where right is given to change:* 4 Cooley's Briefs 3756; 64 L. R. A. 458; 56 Am. Dec. 742; 58 S. C. 280; 118 Wis. 527; 88 Ala. 241; 161 Mass. 58; 59 Minn. 39; 17 L. R. A. 447; 17 Ency. 93. *Endorsement of change of beneficiary is a mere ministerial act by insurer:* 9 L. R. A. 524; 77 S. C. 299; 56 Am. St. R. 319; 4 L. R. A. 282; 150 S. W. 871.

May 28, 1913.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is an action on a policy of life insurance.

By consent of the parties to the action, his Honor, the Circuit Judge, heard the case without a jury, and rendered judgment in favor of the plaintiff, for the amount of the policy, whereupon the defendant appealed.

The Circuit Judge thus stated the facts:

"This is an action brought for the purpose of recovering $1,000 on an insurance policy and for all additional sums due thereon. The complaint alleges that the insured, Joseph J. Thompson. assigned the policy to his brother, Richard A. Thompson, as beneficiary thereof or as assignee; that the said Joseph J. Thompson is dead, and that his brother, Richard A. Thompson, is entitled to recover the money due under the policy.

"The defendant admits that the policy was delivered to the said Joseph J. Thompson, and that he is dead; admits that the policy was endorsed, as required by said policy, to Richard A. Thompson, but contends that it was done through misapprehension of its officers, as the policy did not reach them, before the death of the said Joseph J. Thompson; admits that they retained possession of the said policy, for the benefit of the person or persons entitled thereto. I find the following facts: That the defendant insured the life of Joseph J. Thompson for the sum of $1,000, and that the policy was duly delivered to him, and that the money was made payable to the executors, administrators, or assigns of the said Joseph J. Thompson, and the policy contained the following provisions:

" 'Promises to pay at the home office of the society, in the city of New York, to Joseph J. Thompson, of Georgetown, county of Georgetown, State of South Carolina, herein called the insured, on the twenty-ninth day of December, nineteen hundred and twenty-eight, if the insured be then living, or upon receipt at the said home office of due proof of the prior death of the insured, to the executors, administrators, or assigns, of said Joseph J. Thompson, beneficiary, with the right of revocation, one thousand dollars, less any indebtedness, thereon to the society and any unpaid portion of the premium for the current year upon surrender of this policy properly receipted. Change of Beneficiary.—When the right of revocation has been reserved, or in the case of the death of any beneficiary under

either a revocable or irrevocable designation, the insured, if there be no existing assignment of the policy, made as herein provided, may, while the policy is in force, designate a new beneficiary with or without reserving right of revocation by filing written notice thereof at the home office of the society, accompanied by the policy for suitable endorsement thereon. Such change shall take effect upon the endorsement of the same on the policy by the society. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured.

" 'No assignment of this policy shall be binding upon the society unless it be filed with the society at its home office. The society assumes no responsibility as to the validity of any assignment.'

"That on the 18th day of August, 1910, Joseph J. Thompson delivered said policy to his brother, Richard A. Thompson, along with the following paper:

" 'Declaration. Georgetown, S. C., August 18, 1910. The Equitable Life Assurance Society of the United States of America, New York, N. Y. Gentlemen: Policy No. 1580047, $1,000, J. J. Thompson.

" 'I hereby and herewith authorize and request you to assign the above policy No. 1580047, issued in my name on the 29th day of December, 1908, to my brother, Richard A. Thompson, as the sole beneficiary in the event of my death. His address is Georgetown, South Carolina.

" 'Witness my hand and seal this 18th day of August, A. D. 1910. Joseph J. Thompson.

" 'Witnesses: St. J. Tucker, T. B. Dennison.'

"That in accordance with instructions, the said policy and request was mailed to the defendant and they reached the said home office on the 22d of August, 1910; that on the 19th day of August, 1910, the said insured died, and on the 24th day of August, 1910, the name of Richard A. Thompson was endorsed on said policy as beneficiary. That the said insured intended that the legal title to said policy should

vest in his said brother, and that proof of death was waived by said defendant."

The first assignment of error, is because there was a failure to furnish proofs of the death of the insured, before the commencement of the action.

The Circuit Judge overruled this defense, on the ground that the answer of the defendant, admitted the death of the insured, and also admitted its liability, but alleged that it did not know to whom to pay the money,— whether to the plaintiff or the representatives of J. J. Thompson's estate.

We do not deem it necessary to cite authorities to show that the exceptions raising this question can not be sustained.

The next question for consideration is, whether there was error on the part of the Circuit Judge, in ruling, that the delivery of the policy, together with the paper called a "declaration," by the insured to Richard A. Thompson, was effectual as an assignment of the policy.

It appears upon the face of the policy, that there was a compliance with the requirements thereof, in regard to its assignment.

When this fact appeared, it was incumbent on the insurance company, to satisfy the Court, that there were good reasons why the assignment should be declared a nullity. It undertook to do this, by proving that the endorsement was made, after the death of the insured, and before it had notice of such fact. It failed to adduce any testimony tending to show, that its rights would be prejudiced if the endorsement was not declared to be null and void. On the contrary, it appears from the admitted facts, that the defendant has no interest in the proceeds of the policy, except practically, as a stakeholder; for, as just stated, the answer admits its liability and that it is holding the policy, because it does not know, whether payment should be made to the plaintiff or to

the representatives of the insured's estate.    Therefore, there is no equitable reason, why the Court should grant the defendant relief, by setting aside the endorsement.

There is another reason, why the Court should refuse to grant the defendant relief, in this respect.    Even if it should be held, that there was a failure to comply with the requirements of the ploicy, in regard to the assignment thereof, the rights of the plaintiff, whether regarded as legal or equitable, are paramount to those of the executor or administrator of J. J. Thompson's estate.    As between the plaintiff and the representatives of the insured's estate, the delivery of the policy to Richard A. Thompson, with the intention that the legal title should vest in him as found by the Circuit Judge, had the intended effect.    A policy of insurance, like any other chose in action, may be transferred, even by parol.    *Barron* v. *Williams,* 58 S. C. 280; *N. Y. Life Ins. Co.* v. *Black,* 56 Am. Dec. (Md.) 742.

A failure on the part of the insured to comply with the requirements of the policy, does not defeat the rights of the assignee,—whether legal or equitable—to the proceeds of the policy where they are paramount to those claimed in behalf of another.

In the present case there can be no doubt, that the rights of the plaintiff, are paramount to those of the insured's estate, and there is no good reason, why this Court should grant relief to the defendant, that would be of no practical benefit to it, but would only delay the plaintiff in the collection of the amount due him, under the policy.

If the insured had previously assigned the policy, Richard A. Thompson would not be entitled to the proceeds; nor would he be entitled to the proceeds, if a beneficiary had been named when the policy was delivered to him, unless there was a change of the beneficiary in the manner provided by the policy.    *Holder* v. *Ins. Co.,* 77 S. C. 299; *Deal* v. *Deal,* 87 S. C. 395.

The executor or administrator of the insured, however, does not stand upon higher ground than the insured, and any act that would estop him would be binding upon them.

As the delivery of the policy, together with the writing executed by the insured, empowering the insurance company to make the necessary changes, so as to assign it to Richard A. Thompson, would be binding upon the insured if he were now living, it also estops his representatives from claiming the proceeds.

The cases of *Fogle* v. *Church,* 48 S. C. 86, and *Grant* v. *Poyas,* 62 S. C. 426, show that the Court will not require an executor or administrator to be made a party, when such requirement would subserve no useful purpose.

These views practically dispose of all the exceptions.

Judgment affirmed.