## 10757

### DE HAY *ET AL* v. SMITH *ET AL.*

#### (109 S. E. 800)

1. PARTITION—RULE REQUIRING PERSONAL REPRESENTATIVE TO BE MADE A PARTY IS NOT JURISDICTIONAL.—Circuit Court rule 55, prohibiting partition of real estate of a deceased person unless the personal representatives are parties, or the personal estate is sufficient for the payment of debts, or provision for such payment is made in the decree for partition, is only a rule of practice, and is not jurisdictional in its nature.

2. PARTITION—ADMINISTRATOR OF DECEASED OWNER HELD NOT A NECESSARY PARTY.—In a suit for partition of the estate of a deceased person, a complaint alleging that the estate owed no debts, and that the sole distributees were parties to the action, shows that the administrator was not a necessary party to the action, especially where the plaintiffs, in their exception to the sustaining of a demurrer for failure to make him a party, indicated willingness that provision in the decree should be made for the payment of any debts of the estate.

Before BOWMAN, J., Dorchester, July, 1921. Reversed.

Action by Shulie DeHay et al. against C. V. Smith et al. From order sustaining a demurrer to the complaint on the ground of defect of parties interposed by C. V. Smith, the plaintiffs appeal.

*Messrs. M. S. Connor* and *Wolfe & Berry,* for appellants, cite: *Question is rule of practice, not jurisdictional*: 106 S. C., 494. *If brought within a year after death of the owner action would have been premature*: 18 S. C., 55; 49 S. C., 61; 106 S. C., 494; 1 Civ. Code 1912, Sec. 3962. *No administration within four years after death, Court will presume that there was no estate requiring administration*: 1 Civ. Code 1912, Sec. 3616. *Administrator is necessary party only where suit is brought within 12 months*: Rule 55, Civ. Ct.

*Mr. Legare Walker,* for respondent, C. V. Smith, cites: *Administrator indispensable party*: Rule 55, Civ. Ct.; 17 S. C., 545; 33 S. C., 601; 49 S. C., 41. *Probate Court*

*may grant administration to such persons as Court may appoint:* 1 Civ. Code 1912, Sec. 3605; 60 S. C., 401.

December 6, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts are thus stated in the record:

"This is an action for partition of 43 acres of land situate in Dorchester County, in said State.

"The complaint states, *inter alia,* 'that T. G. Smith, late a resident of the County of Dorchester and State aforesaid, departed this life intestate on or about the ———— day of May, 1917, leaving as his sole heirs at law and distributees of his estate the plaintiffs and the defendants above named, together with his widow, Sarah Smith, who died on or about the ———— day of September, 1919; (2) that there was no administration upon either the estate of T. G. Smith, deceased, or Sarah Smith, deceased, and their respective estates owed no debts.'

"To this complaint, and in due season, the respondent, C. V. Smith, by counsel interposed a demurrer that the complaint showed upon its face a defect of parties in that the administrator of the estate of T. G. Smith had not been made a party.

"After hearing arguments thereon, Hon. I. W. Bowman, presiding Judge, sustained this demurrer and made an order requiring the complaint to be amended within 30 days by making the administrator a party, else that the complaint stand dismissed.

"Within ten days the appellants served due written notice of intention to appeal therefrom to the Supreme Court."

The following are the appellant's exceptions:

"1. Because his Honor erred in sustaining the said demurrer.

"2. Because his Honor erred in requiring the administrator to be made a party.

"3. Because his Honor erred in not holding that the said demurrer should be overruled because: (1) More than 12 months had elapsed since the death of T. G. Smith; (2) no creditor had administered; (3) no administrator had ever been appointed; and (4) due provision could be made for the payment of debts, if any, in the decree of the Court by advertising for such creditors and requiring them to present and prove their claims, agreeably to the practice of this Court, before the master."

So much of rule 55 of the Circuit Court as relates to the question involved is as follows:

"No partition of real estate of a deceased person shall be had unless the legal representatives of such deceased person be made parties to the action and it be made to appear to the Court that the debts of such deceased person are fully paid, or that the personal estate in the hands of the personal representative or representatives is sufficient for the payment of the debts of such deceased person, or unless in the decree due provision is made for the payment of debts."

It is only a rule of practice, and not jurisdictional in its nature. *Gladden v. Chapman,* 106 S. C. 486, 91 S. E. 796.

The complaint alleges that neither the estate of T. G. Smith nor that of Sarah Smith owed any debts, and that the sole distributees of said estates are parties to this action. Therefore the administrator of T. G. Smith's estate was not a necessary party to the action. *Fogle v. St. Michael Church,* 48 S. C. 86, 26 S. E. 99; *Grant v. Poyas,* 62 S. C. 426, 40 S. E. 891; *Thompson v. Ins. Co.,* 95 S. C. 16, 78 S. E. 439; *Lanter v. Ins. Co.,* 114 S. C. 536, 104 S. E. 193.

Subdivision (4) of the third exception indicates a willingness on the part of the appellant that due provision should be made for the payment of the debts, if there should be any.

Reversed.