19078

Osceola Fair SMITH and Warwick Fair, Respondents, v. Willie HAWKINS, Mamie Hawkins Oates, and All Unknown Persons, et al., Appellants.

(175 S. E. (2d) 824)

*Robert L. Chipley, Jr., Esq.,* of Greenville, *for Appellants,*

*Messrs. R. Aubrey Harley* and *James N. Parr,* of Newberry, *for Respondent,*

*Robert L. Chipley, Jr., Esq.,* of Greenville, *for Appellants, in Reply.*

July 13, 1970.

Lewis, Justice.

This is an action to partition a parcel of real estate owned and possessed by one Simpson Hawkins at the time of his death, intestate, in 1931. The property consists of one and one-fourth (1¼) acres of land with a frame building thereon, located in the City and County of Greenwood, South Carolina. The issues were referred to a special referee who recommended that the property be sold for partition and the proceeds of sale, after the payment of costs, taxes, and a fee to plaintiffs' attorneys, be divided among the parties to the action in the following proportions: plaintiff, Osceola Fair Smith—⅛; plaintiff, Warwick Fair—⅛; defendant, Willie Hawkins—¼; defendant, Mamie Hawkins Oates—¼; defendants, the unknown heirs of Mary B. Hawkins—¼. The lower court entered judgment in accordance with the referee's recommendations, from which the defendants have appealed.

Simpson Hawkins was survived by his widow, Ida Hawkins, and four children: Asa Hawkins, Walter Hawkins, Bessie Hawkins Fair, and Mamie Hawkins Oates. As a result of a deed by the widow, Ida Hawkins, to Asa Hawkins of her one-third interest in the land and the intervening deaths of some of the original heirs, intestate, the lower court held that the parties to this action had succeeded to title to the lands in the proportions indicated hereinabove.

The exceptions are quite numerous but purport to raise the following questions: (1) Whether the lower court correctly determined the owners of the land and their respective interests therein; (2) whether error was committed in failing to allow an attorney's fee to counsel for defendants; (3) whether the defendants were denied the right to cross-examine plaintiffs' witnesses; (4) whether the appointment of

the special referee by the clerk of court was valid; (5) whether the administrators of the estates of Simpson Hawkins and Ida Hawkins were necessary parties to the action; and (6) whether Ida Hawkins acquired title to the lands by adverse possession.

The first question concerns the validity of two deeds exchanged between Ida Hawkins and Asa Hawkins. It appears that in October 1931, shortly after the death of Simpson Hawkins, Ida Hawkins conveyed to Asa Hawkins all of her undivided one-third interest in the property, reserving to herself a life estate therein. The reservation of the life estate appeared only in the *habendum* clause of the deed. On the same day, however Asa Hawkins conveyed to Ida a life estate in and to all of his undivided interest in the land. Ida apparently occupied the property until her death in 1967, a period of over 35 years after she executed the above deed. Under the foregoing deeds, if valid, Asa became the owner of an undivided one-half interest in the property subject to the life estate conveyed to Ida. The recited consideration for the deed from Ida Hawkins to Asa Hawkins was the assumption by Asa of a mortgage indebtedness of $300.00 placed on the property by Simpson Hawkins before his death.

If the foregoing deeds were valid and effective to convey the interest of Ida Hawkins to Asa Hawkins, admittedly, the findings of the lower court, relative to the present owners and their respective interests in the property, were correct. The deeds are attacked upon the grounds that (1) they were witnessed by a party who was disqualified to act as a witness; (2) the witnesses signed the probate before a person who, allegedly, was not a notary public; and (3) the deed from Ida Hawkins to Asa Hawkins was without sufficient consideration.

The deeds were placed in evidence by the defendants and the fact that the respective grantors signed them is not in issue. If the contention that the deeds were witnessed by a disqualified person and that the probates were

defective were sustained, it would simply mean that the deeds were without witnesses, which would not destory their validity and effectiveness to transfer title in this case. They were good as between the parties. *Farmers' Bank & Trust Co. v. Fudge,* 113 S. C. 25, 100 S. E. 628.

The contention that the deed from Ida Hawkins to Asa Hawkins was without sufficient consideration is totally devoid of any factual support in the record and cannot be sustained.

The exceptions challenging the validity of the deeds in question are accordingly overruled.

■ Defendants next contend that the lower court erred in failing to allow an attorney's fee to their counsel out of the proceeds of sale.

Section 10-2211 of the 1962 Code of Laws provides:

"The court of common pleas may fix attorneys' fees in all partition proceedings and, as may be equitable, assess such fees against any or all of the parties in interest."

Under the foregoing section, the allowance of attorneys' fees is within the discretion of the trial judge. *Watson v. Little,* 229 S. C. 486, 93 S. E. (2d) 645. There is no showing that the failure to allow a fee to counsel for the defendants out of the total proceeds of sale constituted an abuse of discretion.

■ The third question concerns the claim that defendants were denied the right to cross examine the plaintiffs' witnesses. This contention is based upon the fact that one hearing was held before the special referee when counsel for the defendants was not present. It was at this hearing that plaintiffs introduced their testimony. The record shows however that due notice of the hearing was given to counsel for defendants and he failed to appear. There is no explanation of his absence and no showing that any request was ever made to the referee that the witnesses be recalled for the purpose of cross examination. Under these circumstances, the right to cross examine plaintiffs' witnesses was waived.

It is next asserted that the appointment of the special referee was invaled since, under § 10-1405 and 15-501 of the 1962 Code of Laws, all references in Greenwood County where this action was brought, are required to be made to the Judge of Probate who is constituted the Master in Equity.

The defendants failed to timely answer the complaint in this matter and were declared in default. An order of reference was then issued by the clerk of court referring the issues to an attorney in Newberry County as special referee. After the order of reference was issued, the court, upon application of the defendants, granted to them an extension of time in which to answer the complaint. Thereafter, defendants filed an answer and interposed a further pleading denominated a "demurrer to the complaint." While one of the alleged grounds of "demurrer to the complaint" was that the clerk of court "was without authority to appoint a reference in the case", no motion was made to set aside the order of reference nor was objection thereto interposed at the hearing before the special referee. Since proper objection to the order of reference was not made, any irregularity in the appointment was waived. Besides, an examination of the record fails to disclose that any prejudice resulted to defendants.

While defendants have waived any right to object to the order of reference in this case, we point out that had proper objection been made a serious question would have been presented as to the right to refer the issues to a special referee. Specific statutory directions as to the granting of orders of reference should not be ignored.

Defendants next contend that the administrators of the estates of Simpson Hawkins and Ida Hawkins were necessary parties to the action. The record fails to show that any administration was ever had in connection with either estate.

We assume that defendants base this position on Rule 54 of the Circuit Court Rules, which provides, in part, that "no partition of real estate of a deceased person shall be had un-

less the legal representative or representatives of such deceased person be made parties to the action and it be made to appear to the court that the debts of such deceased person are fully paid, or that the personal estate in the hands of the personal representative or representatives is sufficient for the payment of the debts of such deceased person, or unless in the decree due provision is made for the payment of the debts."

It has been held that the foregoing "is only a rule of practice, and not jurisdictional in its nature"; and that, where it appears there are no debts chargeable against the estate of the deceased, the administrator of the estate is not a necessary party to the action. *DeHay v. Smith,* 118 S. C. 78, 109 S. E. 800.

It was also held in the case of *Thompson v. Equitable Life Assur. Soc. of United States, Ins. Co.,* 95 S. C. 16, 78 S. E. 439, that the court will not require an executor or administrator to be made a party when such requirement would serve no useful purpose.

The record shows that neither the administrator of the estate of Simpson Hawkins nor of the estate of Ida Hawkins was a necessary party to the action. No claims against the estate of Ida Hawkins were chargeable against the land, she having conveyed fee simple title to her interest therein to Asa Hawkins in 1931, reserving to herself only a life estate. She died in 1967. Simpson Hawkins died in 1931, approximately forty years ago, and any right of creditors to assert a claim against his estate had long since expired.

The final question involves the claim that Ida Hawkins acquired title to the land by adverse possession. While she apparently lived on the land for a period of approximately thirty-five years prior to her death, she did so as the life tenant of a fractional interest in the property and there is no showing that she ever asserted or gave notice of any claim to the land adverse to that of the owners

of the fee. There is no factual showing to sustain the claim of adverse possession.

All exceptions have been considered and are overruled.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.