1071

LEASING ENTERPRISES, INC., Respondent v. Joe E. LIVINGSTON and Margaret H. Schlee, Defendants, of whom Margaret H. Schlee is Appellant. Appeal of Margaret H. SCHLEE.

(363 S. E. (2d) 410)

Court of Appeals

*William C. Hood,* Anderson, *for appellant.*

*Larry C. Brandt,* Walhalla, *for respondent.*

Heard Nov. 17, 1987.

Decided Dec. 14, 1987.

CURETON, Judge:

This case involves the effort by a judgment creditor to attack a conveyance of real property between a debtor and a family member. The Master-in-Equity set aside the conveyance. The family member, Margaret Schlee, appeals. We affirm.

Leasing Enterprises, Inc. (Leasing) is a California corporation. In 1980, Leasing entered into a Lease Purchase Agreement with Joe E. Livingston for a forklift. Livingston failed to comply with the agreement and Leasing obtained a default judgment against him in California in November of 1981. The record is not clear concerning the disposition of the forklift but the judgment was not satisfied.

Leasing filed this action in Oconee County in May of 1984. In its complaint, Leasing sought to domesticate its foreign judgment. It also alleged Livingston had represented to Leasing through financial documents in 1980 that he owned a one-half (½) undivided interest in approximately thirty-seven (37) acres in Oconee County. This land was allegedly jointly owned by Livingston and Margaret Schlee, his mother. In 1980, real estate records in Oconee County would

have reflected this situation. On April 21, 1983, a purported quitclaim deed from Livingston to Schlee was recorded in Oconee County. This deed conveyed all of Livingston's interest in the property to Schlee for the stated consideration of love and affection. The deed was executed in California. It bears the date of October 21, 1977. It is prepared on what appears to be a standard California form. The sole witness on the deed is Earl Schlee. The October, 1977, date is reflected in the notary certification where a California notary attests to the signature of Livingston. There is no certification of the witness's signature. Leasing recorded its domesticated judgment against Livingston in December of 1984.

There is no challenge to the validity of the judgment against Livingston or the domestication of the California judgment. Livingston did not appear in this case although he was served and subsequently found to be in default. The controversy concerns the deed from Livingston to Schlee. Leasing claims the deed constitutes a fraudulent conveyance and also alleges the deed was not validly recorded under the South Carolina recording statute. The relevant chronology is: (1) the quitclaim deed relating to South Carolina property executed in California in October 1977; (2) the financial arrangement between Leasing and Livingston in 1980; (3) the California judgment against Livingston in 1981; (4) the recording of the quitclaim deed from Livingston to Schlee in Oconee County in 1983; and (5) the domestication of the California judgment and its recording in Oconee County in 1984.

The case was referred to the Master-in-Equity for entry of a final judgment with direct appeal to the South Carolina Supreme Court. The master found for Leasing. He directed the Clerk of Court to cancel the deed from Livingston to Schlee in order to allow Leasing's judgment to attach to Livingston's one-half ($\frac{1}{2}$) interest in the property. The Master's decision was based upon a number of grounds but we find it necessary to address only certain issues in affirming the decision of the Master.

Although not directly discussed by the parties or the
■  Master, it is clear South Carolina law governs the validity of the conveyance between Livingston and Schlee. The deed was executed in California but it concerns

real property located in South Carolina. The law of the situs would be applied to determine whether a conveyance transfers an interest in land and the nature of the interest transferred. *Restatement (Second) of Conflicts* Section 223(1) (1971).

Section 27-7-10, Code of Laws of South Carolina, 1976, sets forth a form of conveyance of fee simple. The section provides the form shall be valid to transfer a fee simple interest from one person to another "if it shall be executed in the presence of and be subscribed by two or more credible witnesses."

In 1840, the Court of Errors of South Carolina was asked to determine if a deed with one subscribing witness was valid in this state. The Court held the form adopted by the Legislature was intended to operate "as a deed for the conveyance of freehold, [and to do so] it must have two subscribing witnesses." *Craig v. Pinson*, 25 S. C. L. (Chev.) 272 (1840). The requirement of two witnesses was recognized in subsequent decisions. *Jones v. Crawford*, 26 S. C. L. (1 McMul.) 373 (1841); *Little v. White*, 29 S. C. 170, 7 S. E. 72 (1888) ("There can be no doubt that two subscribing witnesses are necessary to the validity of a deed designed to convey real estate."); *Hunt v. Smith*, 202 S. C. 129, 24 S. E. (2d) 164 (1943).

Schlee argues the absence of two witnesses does not destroy the validity of a deed to transfer title. In making this argument she relies upon *Farmer's Bank & Trust Co. v. Fudge*, 113 S. C. 25, 100 S. E. 628 (1919) and *Smith v. Hawkins*, 254 S. C. 423, 175 S. E. (2d) 824 (1970). Both of these cases indicate a deed or mortgage without competent or sufficient witnesses is good *as between the parties*. However, this case deals with the effect of the purported transfer upon a third party in the position of Leasing (i.e. a subsequent creditor of the grantor). Accordingly, we must consider the recording of the deed because recording is the method by which a third party without actual notice is alerted to the possible transfer of interests in real property.

Section 30-7-10, Code of Laws of South Carolina, 1976, is the recording statute. If this deed was acceptable for recording, Leasing's judgment would not have priority over Schlee under the current recording statute unless Leasing shows the deed is a fraudulent conveyance.

In 1958 the recording statute was amended to require a subsequent lien creditor without notice to file the instrument evidencing his lien in order to claim under the statute. Further, the statute was amended to declare priority would be determined by the time of filing for record. This amendment by the Legislature was apparently designed to obviate the result in the case of *South Carolina National Bank v. Guest*, 232 S. C. 367, 102 S. E. (2d) 215 (1958). *See, Atlas Supply Co. v. Davis*, 273 S. C. 392, 256 S. E. (2d) 859 (1979). In the *Guest* case an individual obtained two loans from two different banks on the same day. He executed chattel mortgages on the same vehicle to secure the loans. He represented to the second bank that the vehicle was free of any liens. Both banks recorded their mortgages the next day and the first bank to loan money was the first to record. The question arose as to the priority of the mortgages. The South Carolina Supreme Court interpreted the then existing recording act to give priority to the second bank even though it recorded its mortgage forty-five minutes after the first bank. The Court pointed out that even though the first bank had executed and recorded its mortgage first in point of time the mortgage was not of record when the second bank had loaned money and its mortgage was executed. The Court classified the South Carolina recording act as being of the "notice" type which will invalidate an instrument as against a subsequent instrument acquired in good faith before the first instrument is recorded. Prior to the 1958 amendment to the statute the "subsequent purchaser" without notice was protected under the recording act regardless of when or whether he recorded his own conveyance. *Guest*, 232 S. C. at 371, 102 S. E. (2d) at 217. Our reading of the current statute indicates the recording act is a race-notice act which will provide protection to the subsequent purchaser or creditor provided he records first. Therefore, even though Leasing had no actual or constructive notice of the deed between Livingston and Schlee when the Lease Purchase agreement was made and was a subsequent creditor of Livingston, it has no protection under the recording statute unless either the deed from Livingston to Schlee was not valid for recording thereby causing Schlee to loose her filing priority or Leasing can demonstrate a fraudulent conveyance.

The comment of the Supreme Court in *Young v. Young* concerning a mortgage is instructive on this controversy.

> "An instrument purporting to be a mortgage but imperfectly executed by the omission of a seal, or in some other manner, so as to be defective in form is wholly nugatory at law as a valid mortgage or as giving any interest in or claim upon the parcel of land described. Equity, however, not saying that the instrument is a true legal mortgage, declares that it is an efficient agreement to give a mortgage, and as such creates an equitable lien upon the land, valid for all purposes, and as against all parties, *except a purchaser of the land for a valuable consideration and without notice.*" (emphasis added). *Young v. Young,* 27 S. C. 201, 206, 3 S. E. 202, 205 (1887).

Because of its facial defect in containing the signature of only one witness the deed was not entitled to be recorded in Oconee County. The South Carolina Supreme Court has indicated the right to record a deed is conditioned upon the fact of having been witnessed by two witnesses. *Arthur v. Hollowell,* 111 S. C. 444, 98 S. E. 202 (1919). "Certain irregularities unquestionably must be regarded as material ones disqualifying an instrument for record. Thus, the record of a deed or mortgage having only one witness ... does not constitute notice of the existence of such deed or mortgage." Means, "The Recording of Land Titles in South Carolina," 10 *South Carolina Law Quarterly,* 346, 407 (1958). *See Harper v. Barsh,* 31 S. C. Eq. (10 Rich.) 149 (1858) (mortgage attested by only one witness is incomplete in execution and is not entitled to be recorded).

Schlee argues the acknowledgment of the signature of ▌▌ Livingston by a notary public in California makes the deed proper in form for purposes of recording in South Carolina. Whether the acknowledgment complies with the "Uniform Recognition of Acknowledgments Act" in Section 26-3-10 *et seq.,* Code of Laws of South Carolina, 1976, has nothing to do with the statutory requirement of two subscribing witnesses to the deed. We concur with the analysis expressed by the Office of the South Carolina Attorney General in Opinion No. 3373, 1972 *Op. Atty. Gen.,* 225. "The

Acts [Section 26-3-20 *et seq.* and Section 30-5-30] do recognize and permit the recording of a deed or other instrument *properly subscribed by the required number of witnesses* (emphasis added) if execution is provided by affidavit of a subscribing witness under terms of the Uniform Recognition of Acknowledgment Act ... or an acknowledgment of the person executing the instrument under the conditions prescribed therein." 1972 *Op. Atty. Gen.* at 226.

The deed from Livingston to Schlee was not effective to convey title with respect to a party in the position of Leasing and was not entitled to be recorded so as to obtain record priority. Accordingly, the judgment of the Master-in-Equity is

Affirmed.

SANDERS, C. J., and SHAW, J., concur.