## S07A1878. LAND v. BURKHALTER.
### (656 SE2d 834)

CARLEY, Justice.

When Hazel Demonia (Testatrix) died, Evelyn Land (Propounder) offered her will for probate. Michael Burkhalter (Caveator) filed a caveat. After conducting a hearing, the probate court sustained the caveat, on the ground that, contrary to the mandate of OCGA § 53-4-20 (b), the requisite two witnesses had not signed in the presence of the Testatrix. Propounder appealed to the superior court, where Caveator moved for summary judgment. The superior court granted the motion, from which order Propounder brings this appeal.

1. The hearing in probate court was not officially reported, but it was taped and an uncertified transcript was prepared by an official court reporter. That transcript was submitted to and considered by the superior court in ruling on the motion for summary judgment. Citing *Achor Center v. Holmes*, 219 Ga. App. 399, 401 (1) (465 SE2d 451) (1995), Propounder urges that the superior court erred in relying on that uncertified transcript.

An objection to the lack of certification was not raised below and Propounder does not contend that the transcript contains any mistakes. Had there been a timely objection, an official transcript as authorized by OCGA § 5-6-41 (g) could have been prepared. Under these circumstances, any error in the superior court's consideration of the uncertified transcript of the tape was waived. See *Burnett v. State*, 182 Ga. App. 539, 544 (356 SE2d 231) (1987) (On Motion For Rehearing). Likewise, the additional contention that the superior court erred because a proper foundation was not laid for the tape from which the transcript was prepared was waived by Propounder's failure to raise that objection below. See *Harris v. State*, 237 Ga. 718, 724 (5) (230 SE2d 1) (1976) ("appellant made no objection at the trial to the alleged absence of a proper foundation for the introduction of the tape recordings").

2. The will purported to be witnessed by three individuals: Patricia Couey; Randolph Land; and Stella Hopkins. In addition to signing on a line that was reserved for the witnesses, Ms. Hopkins also signed the document in her capacity as a notary. It is undisputed that Ms. Hopkins signed in the presence of the Testatrix. However, she testified that Ms. Couey and Mr. Land signed in the dining room, which was outside the line of vision of the bedridden Testatrix. Ms. Couey's recollection was different. Ms. Couey testified that both she and Ms. Hopkins were in the Testatrix's bedroom when the Testatrix signed, and that each of them was in the room when the other signed. Mr. Land did not testify. Relying on Ms. Couey's testimony and the fact that Ms. Hopkins signed as a witness, as well as a notary, Propounder contends that a genuine issue of material fact remains as

to satisfaction of the requirement of OCGA § 53-4-20 (b) that the "will shall be attested and subscribed in the presence of the [T]estat[rix] by two or more competent witnesses."

The appeal to the superior court was de novo and, on Caveator's motion for summary judgment, the evidence must be construed most favorably for Propounder. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003). Ms. Hopkins did testify that she "was not going to witness [the will]. [She] was just there to notarize the witnesses." Nevertheless, it is undisputed that she saw the Testatrix sign the will and that she then signed the will in the presence of the Testatrix. One of Ms. Hopkins' signatures was on a line reserved for a witness. Thus, Ms. Hopkins may not have intended to act as an official witness. However, by observing the Testatrix's execution of the will and then by signing, in the presence of the Testatrix, in the capacity of a witness, she accomplished the objective purpose of OCGA § 53-4-20 (b) by attesting and subscribing the will. If Ms. Hopkins was a witness and if she and Ms. Couey signed the will in the presence of the Testatrix, then the fact that Mr. Land signed in the dining room is immaterial. OCGA § 53-4-20 (b) only requires two competent witnesses.

Caveator correctly asserts that OCGA § 45-17-8 (c) (1) disqualifies Ms. Hopkins from serving as both a notary and a witness to the will's execution. However, her disqualification as a notary is immaterial to her qualification to serve as a witness to the will. In fact, her disqualification under OCGA § 45-17-8 (c) (1) is not material to any aspect of the execution of this will, since the services of a notary were unnecessary because this was not a self-proving will as authorized by OCGA § 53-4-24.

There is a dispute in the evidence as to whether the will was executed in compliance with the requirements of OCGA § 53-4-20 (b). Ms. Hopkins testified that she signed in the presence of the Testatrix, but that Ms. Couey did not. However, Ms. Couey testified that both she and Ms. Hopkins signed in the presence of the Testatrix. Because the evidence must be construed most favorably for Propounder, the superior court erroneously granted summary judgment in favor of Caveator. Compare *McCormick v. Jeffers*, 281 Ga. 264, 265 (1) (637 SE2d 666) (2006).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*Dyer & Rusbridge, Samuel J. Rusbridge*, for appellant.
*Meeks & Richardson, W. Gene Richardson*, for appellee.