**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In Re:  Estate of Sylvia J. Reagan

Linda Reagan Shelley, Appellant,

v.

Ramona D. Becker, individually and as Personal Representative of the Estate of Sylvia J. Reagan, Beryl Routon, Kayla Dawn Dastrup, and Tom Coats, Defendants,

Of whom Ramona D. Becker, individually and as Personal Representative of the Estate of Sylvia J. Reagan, is the Respondent.

Appellate Case No. 2013-001817

———————————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-354
Heard May 5, 2015 – Filed July 15, 2015

———————————

**REVERSED**

———————————

David K. Haller, of Haller Law Firm, of Charleston, for Appellant.

Joseph S. Brockington, of Joseph S. Brockington, PA, of Charleston, for Respondent.

---

**PER CURIAM:** Linda Reagan Shelley appeals the decision of the circuit court, which affirmed the probate court's finding that the will Shelley sought to probate lacked the statutory formalities set forth under section 62-2-502 of the South Carolina Code (Supp. 2014). Shelley argues the signature of a notary public on the testator's (Testatrix) will constitutes a second witness under section 62-2-502. We agree and reverse.

"An action to contest a will is an action at law." *In re Estate of Pallister*, 363 S.C. 437, 447, 611 S.E.2d 250, 256 (2005). When our appellate courts review an appeal from the probate court to the circuit court, we apply the same standard of review that the circuit court applied on review of the probate court's order. *In re Estate of Weeks*, 329 S.C. 251, 260, 495 S.E.2d 454, 459 (Ct. App. 1997). This court should uphold the findings of the probate court in an action at law if there is any evidence to support them. *Id.*

Section 62-2-502 provides every will must be:

> (1) in writing;
> (2) signed by the testator or signed in the testator's name
> by some other individual in the testator's presence and by
> the testator's direction; and
> (3) signed by at least two individuals[,] each of whom
> witnessed either the signing or the testator's
> acknowledgment of the signature or of the will.

As an initial matter, we disagree with Respondent Ramona Becker's contention that Shelley's appeal is barred by the two-issue rule. We find the probate court's decision was essentially based on one ground alone: whether the signatures on the will satisfied the statutory formalities. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("'Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case.'" (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010))).

As to the merits, there is no dispute that the first two requirements under 62-2-502 are satisfied: the will is (1) in writing and (2) signed by Testatrix. The only issue is whether the signatures of Sara Jones and Delores Belin-Burns satisfy the third requirement, and we find they do.

Both Jones and Belin-Burns witnessed "either the signing or [Testatrix's] acknowledgment of the signature or of the will." S.C. Code Ann. § 62-2-502(3). We see no reason to exclude Belin-Burns as an attesting witness simply because she signed in her official capacity as a notary public. Admittedly, Belin-Burns did not testify that she was signing as a witness. Rather, she testified Testatrix asked her to "notarize [Jones's] signature." Nevertheless, though Belin-Burns may not have intended to act as an official witness, she still observed Testatrix's execution of the will and then by signing, she accomplished the purpose and statutory dictates of section 62-2-502 by attesting and subscribing to the will.[1] *See Land v. Burkhalter*, 656 S.E.2d 834, 835 (Ga. 2008) ("Thus, [the notary] may not have intended to act as an official witness. However, by observing the Testatrix's execution of the will and then by signing, in the presence of the Testatrix, in the capacity of a witness, she accomplished the objective purpose of OCGA § 53-4-20(b) by attesting and subscribing [to] the will."); *In re Estate of Friedman*, 6 P.3d 473, 476 (Nev. 2000) (finding the notary notarized the witness's signature, rather than the testator's, and despite the fact that the notary intended to sign only as a notary, "the unique facts and circumstances of this case" were such as to justify a finding that the statute had been complied with as long as the notary signed in the

---

[1] *But cf. Leasing Enters., Inc. v. Livingston*, 294 S.C. 204, 207, 209-10, 363 S.E.2d 410, 411, 413 (Ct. App. 1987) (rejecting the argument that a notary public could serve as the second required witness under section 27-7-10 of the South Carolina Code (2007) for purposes of recording a deed). However, *compare* S.C. Code Ann. § 27-7-10 (providing the formalities for executing a deed, including a seal), *and* S.C. Code Ann. § 30-5-30 (2007) (requiring that prior to recording a deed, "the execution of the deed or other instrument must be first proved by the affidavit of a subscribing witness to the instrument, *taken before some officer within this State competent to administer an oath*" or "[a] deed or other instrument must be signed by the grantor, mortgagor, vendor, or lessor and the signing must be acknowledged by the grantor, mortgagor, vendor, or lessor in the presence of two witnesses, *taken before some officer within this State competent to administer an oath*" (emphases added)), *with* S.C. Code Ann. § 62-2-502 (providing the requirements for executing a will, which do not require a seal or that acknowledgment of the will be "taken before some officer . . . competent to administer an oath").

presence of the testator); *Estate of Teal*, 135 S.W.3d 87, 91 (Tex. App. 2002) (finding a notary public was a subscribing witness despite the notary's testimony that she signed the will "to witness to the signature on the will," and not as "a subscribing witness"; "We now hold that, under the facts in this case, the notary, although she did not intend to sign as a subscribing witness, did in fact serve as a subscribing witness. . . .  Because there is no requirement that a will be notarized, [the notary's] signature served no purpose other than as a witness.").[2]

Accordingly, the circuit court's decision is

**REVERSED.**

---

[2] *See also Keely v. Moore*, 196 U.S. 38, 42-43 (1904) (finding the individual who signed the will in his official capacity as "Vice Consul" qualified as a witness and stating, "No particular form of attestation was necessary . . . .  [W]e do not think that the fact that it may have been written and signed *under a mistaken impression as to its necessity and purpose* vitiates it as an attestation." (emphasis added)); *Adams v. Norris*, 64 U.S. 353, 367 (1859) ("[W]e cannot perceive why the description of himself [in his official capacity] which he affixes to his signature should detract from the efficacy of that attestation."); *Payne v. Payne*, 16 S.W. 1, 1-2 (Ark. 1891) ("The evidence shows . . . a literal compliance with the law in every respect, *except that the testator asked [the justice of the peace] to put his official certificate to the will*, *instead of formally asking him to sign it as a witness*. . . .  [W]e can see no reason, in law or justice, why the effect of an ordinary attestation should be denied to it.  Whether testifying through his certificate, or as a witness in a probate proceeding, [the justice of the peace] was asked to bear witness to the fact that the writing had been subscribed by and was the will of the testator.  That is the ordinary office of a witness, and as such [the justice of the peace] signed the will." (emphasis added)); *Tilton v. Daniels*, 109 A. 145, 146 (N.H. 1920) (finding the fact that the justice of the peace thought he was not signing as a witness and only signing the testator's will in his official capacity was irrelevant; he nevertheless qualified as a witness under the law); *Franks v. Chapman*, 64 Tex. 159, 160-61 (1885) (validating the will and noting the county clerk qualified as a witness even though the testator only asked the clerk "to authenticate [the will]"; "The fact that . . . the clerk of the county court, when called upon by [the testator] to witness the will, attached thereto his official certificate of the acknowledgment of the due execution of the will by the testator, does not affect the validity of his signature to the will as a witness.").

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**